*A. Ellison*, for the appellant.

---

### FECHHEIMER and Another *v.* HAYS.

Under the present statute of this state, a proceeding in attachment is not an original suit, but is merely auxiliary to such a suit.

In the absence of a proper record disclosing the reasons for a ruling which is assigned for error, the Supreme Court will presume in favor of correct action in the Court below.

APPEAL from the *Miami* Court of Common Pleas.

HANNA, J.—On the 11th of *April*, 1855, a suit was commenced by *Wheat* and others against *Hays* and one *Dinglespiel*, and an order issued to attach the property of said *Hays*. Personal property to the value of 3,713 dollars, 31 cents, was attached. Judgment was rendered on default, against *Hays*, on the 5th of *October*, 1855. *Dinglespiel* answered, and, as to him, the cause was continued until the *April* term, 1856, and, on the 9th day of *April*, the cause, as to him, was dismissed.

On the 24th of *March*, 1856, a complaint, affidavit, and undertaking, were filed by the appellants herein against said *Hays*, who appeared at the ensuing *April* term of said Court, and answered in seven paragraphs, to the sixth and seventh of which, a demurrer was filed and afterwards sustained; but as no error is assigned or point made in the brief of counsel, upon this ruling, it will not be further noticed. At the *July* term, 1856, a motion in writing was filed by the defendant, to dismiss the attachment in this case, "because the original attachment suit of *Wheat* and others, under which this claim was filed, was finally adjudicated and determined before this suit was commenced." The motion was sustained, and, the clerk states, was excepted to. Upon sustaining the motion, no order of restitution of the property was awarded. At the *January* term, 1857, the issues being joined, the plaintiffs, on a trial by the Court, had judgment for the amount of their note.

A motion for a new trial was made, and written reasons filed. The reasons so filed do not touch the question of the dismissal of the attachment, nor was there any separate motion for a rehearing of that part of the case. The motion for a new trial was overruled, but the ruling was not excepted to, nor is there a bill of exceptions to any ruling of the Court. The judgment in the case of *Wheat* and others is in the usual form; no notice is taken of the attachment, in that case, nor order made in reference thereto after the return of the writ.

The only error assigned, is upon the dismissal of the attachment of the appellants.

Nov. Term,
1858.

FECHHEIMER
v.
HAYS.

*Monday,*
*January* 10,
1859.

The appellee insists that the case is not before this Court so as to enable us to pass upon this point, because the proper motions were not made, and exceptions taken, to place the facts and rulings upon the record.

Under our present statute, a proceeding in attachment is not an original suit, but is auxiliary, only, to such suit. In the case at bar, such auxiliary proceeding was had against but one of the defendants to the original suit, and as to him a judgment in the ordinary form was taken near six months before the proceedings upon this claim were instituted. Whether that judgment had been paid, and the property attached discharged, before that time, we are not informed. It is true, the record shows that the original suit, as to the defendant, against whom no attachment had been resorted to, was then undetermined; but in the absence of a proper record, made by bill of exceptions or otherwise, disclosing the reasons for the dismissal of the attachment in this case, we must presume in favor of the action of the Court.

But it is insisted that the exception to the motion to dismiss was properly taken and reserved by the entry of the clerk. If this were true, and the written motion a necessary part of the record—a point we need not decide—still we would then have no reason stated in the record for such dismissal, but that disclosed in the written motion; and that asserts the final determination of the auxiliary proceeding previous to the filing of this claim. In either view of the case, the ruling of the Court should be sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Beal*, for the appellants.

*N. O. Ross* and *R. P. Effinger*, for the appellee.