*C. E. Walker* and *A. D. Mathews,* for appellees.

————————•————————

## MICHAEL *v.* THOMAS.

JUSTICE OF THE PEACE—JURISDICTION.—A suit before a justice of the peace against a sole defendant, who is a resident of this state, must be begun in the township where the defendant resides, if there is a justice in the township competent to try the cause, unless the proceedings are begun by *capias.* That the suit is by attachment, and that property has been attached in the township, does not give the justice jurisdiction.

APPEAL from the *Fountain* Common Pleas.

ELLIOTT, C. J.—*Thomas,* the appellee, on the 4th day of *June,* 1864, filed a complaint before *William Worthington,* a justice

Michael *v.* Thomas

of the peace of *Logan* township, in *Fountain* county, against *Michael*, the appellant, to recover the sum of $37 90, due him on a judgment of a justice of the peace of *Warren* county, *Indiana*, against *Michael*. *Thomas*, at the same time, filed his affidavit and undertaking under the statute, and sued out an attachment against *Michael's* property. A summons was issued on the complaint, and personally served on the defendant. The attachment was also duly levied on personal property.

The cause stated in the affidavit for the attachment, is "that the said *Michael* is removing his property subject to execution out of this state, not leaving enough therein to satisfy the plaintiff's claim."

On the day set for the trial, *Michael* appeared and filed a plea in abatement, under oath, to the jurisdiction of the justice over his person. The plea, after properly entitling the cause, proceeds thus: "Now comes the defendant in the above entitled cause, and pleads in abatement of the writ and complaint herein, and says that he is not a resident of *Logan* township, *Fountain* county, but is now, and was at the time of the filing of the complaint herein, a *bona fide* resident of *Warren* township, in the county of *Warren*, and State of *Indiana*; that there are three justices of the peace in said township competent to try said cause, of kin to neither of the parties herein; that the said suit was not commenced by *capias*, wherefore, defendant says that the court has no jurisdiction of the person of said defendant," &c. The justice of the peace "overruled the plea," and the defendant then filed his answer in denial and set-off. There was a trial before the justice, and judgment for the plaintiff; from which *Michael* appealed to the *Fountain* Common Pleas Court.

In the common pleas, the trial of the cause, by agreement of the parties, was submitted to the court, when, as the bill of exceptions filed in the cause informs us, "the defendant presented and read to the court his plea in abatement, filed before the justice of the peace," and which is again copied

into the bill of exceptions; "whereupon the plaintiff admitted the facts set forth in said plea, and claimed that, whether true or not, was immaterial in this form of action, property being attached." The plaintiff then gave in evidence a certified transcript of the judgment upon which the suit is founded, which was all the evidence given in the cause. The court thereupon overruled the plea in abatement, and found for the plaintiff. A motion for a new trial was made by the defendant, and overruled, and proper exceptions taken.

*Michael* appeals to this court.

The material questions presented here arise upon the rulings of the court below in reference to the plea in abatement to the jurisdiction of the justice of the peace, before whom the suit was originally instituted. No question arises in the case as to the want of diligence of the defendant below in presenting the question. The first step taken by him before the justice, and before any answer to the merits of the action was filed, was to file the plea in abatement to the justice's jurisdiction, but the justice overruled it. It formed a part of the pleadings in the cause, and as such was sent up to the court of common pleas. It was the first question presented on the trial of the cause in the latter court, and the facts stated in it were admitted by the plaintiff below to be true. But the court overruled the plea, and continued to entertain the jurisdiction of the cause. The question then arises had the justice of the peace before whom the suit was brought, under the facts stated in the plea of abatement, jurisdiction of the person of the defendant? The solution of the question must depend upon the statute.

The justices' act provides that "the jurisdiction of justices in civil cases shall, unless otherwise provided by law, be limited to their townships respectively." 2 G. & H., § 9, p. 578. The 13th section of the same act, as printed in 2 G. & H., p. 580, is an amendment of the original section, enacted by the legislature in 1861, and will be found in the acts of that session at page 141. The act is entitled "an act to amend the thirteenth and fourteenth sections of an act entitled 'an

act for the election of justices of the peace, and defining their jurisdiction," &c.; and the said 13th section, as amended, provides that "no person who is a resident of any township in this state shall be sued out of said township, except as specified in the above mentioned acts," (it should be *act*, as a single act only is referred to or mentioned in the title,) " unless said suit is commenced by *capias ad respondendum*, or when there shall be no justice competent to act in such township."

The plea before us states that at the time of the commencement of the suit, and of filing the plea, the defendant was not a resident of the township, in *Fountain* county, in which the suit was brought, but that he then was, and now is, a *bona fide* resident of *Warren* township, in *Warren* county, in this state. The section of the statute just referred to contains but two exceptions; they are: 1. When the suit is commenced by *capias*, and, 2. When there shall be no justice competent to act, in such township. Both of these exceptions are expressly negatived by the plea. There are other exceptions in the act referred to, but they are obviously inapplicable to this case. See *Ludwick* v. *Beckamire*, 15 Ind. 198; *Jocelyn* v. *Barrett*, 18 Ind.128; *Harris* v. *Knapp et al.*, 21 Ind. 198.

It thus appears that under the facts stated in the answer, *Michael* was not liable to be sued before the justice in *Fountain* county, for the want of jurisdiction in the justice over his person. But, it is argued, as proceedings in attachment were sued out at the same time, on the same cause of action, and the defendant's property seized under the attachment, the justice thereby acquired jurisdiction. But, from a careful examination of the provisions of the statute, we are unable to find anything to sustain the position assumed.

Section 122 of the justices' act enacts that "justices may issue writs of attachment against the personal property of a debtor, under the rules prescribed for the prosecution of such writs, when the amount claimed by any one creditor does not exceed one hundred dollars, and their jurisdiction in such case shall be co-extensive with the county." Section 196 of

the code is to the same effect. It provides that attachments against the goods, &c., "of defendants, may be issued in cases contemplated by the foregoing provisions, upon any claims within the jurisdiction of a justice of the peace, upon," &c., "and the justice shall perform the duties required of the court and clerk thereof, and the constable shall perform the duties required of the sheriff, in the above provisions. The constable shall return the order of attachment within ten days, with his doings thereon; and in case where a summons has not been served, and property has been attached, the justice shall give three weeks notice of the attachment in some public newspaper," &c., "and fix the day of trial at the expiration of such notice."

The *first* of these sections authorizes justices to issue writs of attachment in cases within their jurisdiction, and, for the purposes of the attachment, makes their jurisdiction, territorially, co-extensive with their respective counties. The other section also authorizes justices to issue attachments, and prescribes the mode of procedure; but neither of them relates to the question of jurisdiction over the person of the debtor. They do not either enlarge or limit the jurisdiction in that respect.

The statute provides that "The plaintiff, *at the commencement of an action, or at any time afterward,* may have an attachment against the property of the defendant," in certain specified cases; and this court has held that, under this statute, "a proceeding in attachment is not an original suit, but is auxiliary, only, to such suits." *Fechheimer et al.* v. *Hays,* 11 Ind. 478. An attachment may be issued *at* the *commencement* of an action; but to authorize an attachment, a suit must be commenced; that is, a complaint must be filed against the defendant; and a summons issued thereon, and the question arises, where must the suit be commenced? The statute answers the question. If the suit is in the circuit or common pleas court, against a sole defendant, and founded on contract, as in this case, then the action must be commenced in the county in which the defendant "has his

usual place of residence," if he has such residence in any county in this state. See 2 G. & H., § 33, p. 58. And if, as here, the defendant resides in any township in this state, and the suit be brought before a justice, unless commenced by *capias*, it must be brought in the township of his residence, if there be a justice competent to act in such township. 2 G. & H., § 13, p. 580.

We think the plea in abatement was sufficient, and the facts alleged in it having been admitted by the plaintiff on the trial in the court below, the court should have dismissed the suit for want of jurisdiction.

Other questions, arising upon the admission of a justice's transcript in evidence on the trial, are discussed by the appellant's counsel, but as they are rendered immaterial by the conclusion arrived at on the question of jurisdiction, they will not be further noticed here.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to dismiss the cause at the cost of the plaintiff below, for want of jurisdiction.

*J. McCabe*, for appellant.

*Milford & Milford*, for appellee.