## ROBBINS *v.* ALLEY ET AL.

ATTACHMENT.—Proceedings in attachment and garnishment are mere incidents to the main action, and depend upon it.

SAME.—*Jurisdiction.*—*Construction of Statute.*—In an attachment proceeding, where the principal defendant is a resident of the State, the place of his residence determines the jurisdiction of the court. The provisions of section 162, 2 G. & H. 142, do not change the general rule which requires actions to be brought in the county where the defendant has his usual place of residence.

APPEAL from the Decatur Common Pleas.

DOWNEY, J.—There are two errors assigned in this case; first, the sustaining of the separate demurrer of Hiram Alley to the complaint; and, second, the overruling of the demurrer

of the plaintiff to the separate answer of Stephen Alley. There is a third error assigned, but it raises no question. The complaint commenced as follows: "The State of Indiana, County of Decatur. In the Court of Common Pleas, February term, 1871. John E. Robbins *v.* Stephen Alley and Hiram Alley. Complaint on note and affidavit for attachment." It then says: "The plaintiff, John E. Robbins, complains of Stephen Alley, and says," etc., setting out a cause of action against Stephen Alley alone, on a promissory note, and making no further mention of Hiram Alley. We think the demurrer of Hiram Alley was properly sustained to the complaint. It showed no reason for uniting him in the complaint with Stephen Alley.

The separate answer of Stephen Alley was to the jurisdiction of the court, and in it he alleged that at the time of the beginning of the suit he was, and still is, a citizen and resident householder of the county of Miami, in the State of Indiana, and was not at said date, and has not been since the 29th day of November, 1870, a resident of said county of Decatur; wherefore he prayed judgment whether the court had jurisdiction, and that he be adjudged to go hence, etc.

With certain specified exceptions, actions must be commenced in the county where the defendants, or one of them, has his usual place of residence, and this case does not fall within any of the exceptions. 2 G. & H. 58, sec. 33.

But in this case there was an attachment sued out against the property of Stephen Alley, on an affidavit that he had sold, conveyed, and disposed of his property subject to execution, with the fraudulent intent to cheat, hinder, and delay his creditors, and was about to sell, convey, and otherwise dispose of his property subject to execution with such intent; and a process of garnishment against Hiram Alley issued on an affidavit that he was indebted to Stephen Alley, and had in his possession moneys, rights, credits, and effects belonging to him which the sheriff could not attach; and it is claimed that these facts conferred jurisdiction upon the

common pleas of Decatur county, notwithstanding the principal defendant resided in Miami county.

We think this position cannot be maintained. The attachment and garnishment are mere incidents to the main action. They depend upon it, and not it upon them. *Fechheimer* v. *Hays,* 11 Ind. 478. Where the principal defendant is a resident of the State, the place of his residence determines the jurisdiction of the court. If the defendant is not a resident of the State, the plaintiff may have judgment wherever his action has been commenced in any of the following cases: first, when the defendant has been personally served with process; second, when property of the defendant shall have been attached in the county where the action is brought; or, third, when a garnishee shall have been summoned in the county where the action is brought, who shall be found to be indebted to the defendant, or to have property or assets in his hands subject to the attachment. 2 G. & H. 142, sec. 162.

But we think this section of the code was not intended to change the general rule, which requires the action to be brought in the county where the defendant has his usual place of residence, he being a resident of the State, merely because an attachment or process of garnishment has been sued out. See *Michael* v. *Thomas,* 24 Ind. 72.

The judgment is affirmed, with costs.

*C. Ewing* and *J. K. Ewing,* for appellant.

*J. Gavin* and *J. D. Miller,* for appellees.