Boorum *et al. v.* Ray *et al.*

---

No. 6728.

BOORUM ET AL. *v.* RAY ET AL.

72 151
139 40

JURISDICTION.—*Partners.*—*Non-Residence of one.*—*Joint Liability.*—*Attachment.*—A. and B. were partners, A. residing in New York, and B. in Huntington county, Indiana. An action upon account, against the firm, and proceedings in attachment were instituted in the circuit

court of Wabash county, in which county B. had property, which the affidavit in attachment alleged he had fraudulently conveyed, with intent to defraud creditors. The only summons issued was addressed to the sheriff of Huntington county and served on B., and returned not found as to A. The order in attachment was addressed to the sheriff of Wabash county. The venue was afterward changed to the Miami Circuit Court.

*Held,* that the Wabash Circuit Court had no jurisdiction of the persons of either A. or B., as such action must be commenced in the county where one of the defendants has his usual place of residence, and the Miami Circuit Court acquired no jurisdiction by the change of venue.

*Held,* also, that, as proceedings in attachment are merely incidental and auxiliary to the original action, neither court acquired jurisdiction of such proceedings.

*Held,* also, that, as the claim stated in such complaint and affidavit was the joint debt of such partners, no action would lie against either without joining the other.

From the Miami Circuit Court.

*R. M. Johnson, J. D. Osborn* and *Alvah Taylor,* for appellants.

Howk, J.—In this action the appellee Joseph H. Ray, as sole plaintiff, sued the appellants John L. Boorum and James G. Gregory, as the only defendants, to recover the sum of seventy-five dollars alleged to be due from them to him, on an open account for the use and occupation of certain real estate and for work and labor done. With his complaint, the appellee Ray also filed an affidavit and undertaking, and thereon obtained an order of attachment addressed to the sheriff of Wabash county, in which county the suit was commenced. The only summons, issued for said defendants, to appear and answer said complaint, was addressed to the sheriff of Huntington county, and was by him returned, "Personally served by reading to the within named James G. Gregory; J. L. Boorum not found within my bailiwick."

The appellees King and McNamee, and the appellees Rector and Ross, having filed their several affidavits and undertakings in attachment, and thereby become parties to the original action, also filed their respective complaints against the said appellants. On the affidavit of the appellant James

G. Gregory, the venue of the cause was changed to the Miami Circuit Court. Before the cause was put at issue, William B. Boorum and George L. Pease, on their own application, were made defendants and answered setting up a mortgage to them as a prior lien on the attached property.

The issues joined were tried by a jury, and a general verdict was returned for the appellees against all the defendants below, except the said James G. Gregory, in whose favor the jury found in their verdict. Over the appellants' motions for a new trial, the court rendered judgment for the appellees on the verdict, and for the sale of the attached property; and from this judgment this appeal is now here prosecuted.

The appellant John L. Boorum, and the defendant James G. Gregory, were jointly sued as partners for partnership debts. In the affidavits in attachment, it was charged that Boorum was a non-resident of the State of Indiana, and that Gregory had conveyed his property, situated in Wabash county, Indiana, subject to execution, with the fraudulent intent to cheat, hinder and delay the appellees in the collection of their respective claims. In the second paragraph of their joint answer, the said Boorum and Gregory alleged, in substance, in response to the complaint and proceedings in attachment, that the said Gregory was not at the commencement of said suit and proceedings, nor had he been since that time, a resident of said Wabash county; but that, at the commencement of said suit and proceedings, and long before and ever since, the said Gregory was and had been a resident of Huntington county, Indiana; and that the said John L. Boorum was not at the commencement of said suit and proceedings, nor had he been before or since, a resident of said Wabash county, but was a non-resident of the State of Indiana. This paragraph of answer was duly verified by the affidavit of said James G. Gregory.

The appellant John L. Boorum also answered separately,

and, in the fifteenth paragraph of his separate answer, he alleged, in substance, in response to the complaint and proceedings in attachment, that at the commencement of this suit, and for more than three years before and ever since, he had not resided in said Wabash county, but had resided in the State of New York; and that, during all of said time, his co-defendant, James G. Gregory, had continuously resided in Huntington county, Indiana; that he, the said John L. Boorum, had not been personally served with process in this case, by summons either from the Wabash Circuit Court or from the Miami Circuit Court, nor personally served with any other writ of any kind, issued out of either of said courts in this cause; that neither he, the said Boorum, nor his co-defendant, the said Gregory, were doing business in said Wabash county at the commencement of this suit, or for six months before, or at any time since that time, nor had they, or either of them, at or during said time, any office or agent authorized in any way to do or carry on any business for them, or either of them. Wherefore, etc. This paragraph of answer was also duly verified.

The appellees' demurrer to said second and fifteenth paragraphs of answer, for the alleged insufficiency of the facts therein, were severally sustained by the court, and to these rulings exceptions were duly saved. These decisions of the court have been assigned as errors by the appellants in this court; and, upon these alleged errors, they chiefly rely for the reversal of the judgment below.

It will be readily seen that each of the said second and fifteenth paragraphs of answer is a plea to the jurisdiction of the Wabash Circuit Court over the persons of the appellants, John L. Boorum and James G. Gregory, and each of them. The question presented by these paragraphs of answer, and the rulings of the court thereon, is the controlling question in this case for the decision of this court, and we regret that the appellees and their counsel have failed to

furnish us with any brief or argument in support of those rulings. The appellees' cause of action was the joint debt of the co-partnership of Boorum & Gregory. Before and at the time of the commencement of this suit, and continuously thereafter, the said Boorum was and had been a non-resident of this State, and the said James G. Gregory was and had been a resident of Huntington county, and not of Wabash county, in this State. Upon these facts, we are of the opinion that the Wabash Circuit Court had not, either at the commencement of this suit or at the trial thereof and the rendition of the judgment therein, any jurisdiction of the persons of said Boorum and Gregory, or of either of them, and that the court clearly erred in sustaining the appellees' demurrers to said paragraphs of answer.

The general rule in relation to the jurisdiction of the courts of this State over personal actions is declared in section 33 of the code, as amended by an act approved March 9th, 1861. 2 R. S. 1876, p. 46 ; Acts 1861, Reg. Sess., p. 48. In this section as amended it is provided, as a sequel to the five preceding sections of the code, that, ''In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence. Where there are several defendants residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be issued to any other county where the other defendants may be found ; and in cases of non-residents, or persons having no permanent residence in the State, action may be commenced and process served in any county where they may be found.''

As the residue of this amended section has no possible bearing upon any question for decision in this case, we need not and do not set it out in this opinion.

At the time this suit was commenced, and the order of attachment was issued therein, in the Wabash Circuit Court,

to wit, on the 18th day of October, 1873, there was no pretence nor claim that the court had jurisdiction, either of the subject-matter of the suit or of the persons of the defendants or of either of them, under said section 33 or any other section of the practice act. As the cause of action, stated in the complaint and in the affidavit in attachment, was the joint debt of the defendants as partners, it is very clear that no action would lie, or could be maintained therefor, against one, without the joinder of the other, of the said defendants. But the defendant James G. Gregory, under the facts set forth in the second and fifteenth paragraphs of answer, could be sued only in the courts of Huntington county, and of no other county, in this State; and, as the defendant John L. Boorum could not be sued solely upon the cause of action stated in the complaint, and no suit could be maintained against him therefor without the joinder of his co-partner, Gregory, as a co-defendant therein, in any court of this State, it would seem to follow, of necessity, that the proper court or courts of Huntington county would alone, under the facts pleaded, have jurisdiction of the persons of the said defendants, or either of them, in this action.

We are of the opinion, therefore, that each of the second and fifteenth paragraphs of answer stated facts amply sufficient to withstand the appellees' demurrers thereto respectively, and that, for the errors of the court in sustaining the demurrers to said paragraphs of answer, the judgments in this case must be reversed.

Some time after the commencement of this suit, and after the issue of the order of attachment herein, and during the progress of the cause, amended complaints were filed by the appellees, in which it was alleged, among other things, that appellants, John L. Boorum and James G. Gregory, at the commencement of this suit, had an agent and an office at Wabash, who carried on and conducted their said business, and that their said agent was a resident of Wabash, in said

Wabash county, etc. It is manifest, we think, that it was intended by this allegation, in the amended complaints, to bring the case within the provisions of section 30 of the code, and to show that the Wabash Circuit Court had jurisdiction of this action, notwithstanding the facts that the said Boorum was a non-resident of this State, and that the said Gregory was a non-resident of Wabash county, and was and had been an actual resident of said Huntington county, in this State. If it be conceded that the allegations of the amended complaints were sufficient, in this regard, to bring this case within the purview of said section 30 of the code, a point which we need not and do not attempt to decide, yet, as issues were joined on said amended complaints by answers in denial thereof, it is very clear that it was incumbent on the appellees to prove, by a preponderance of the evidence, the jurisdictional facts alleged by them in their said amended complaints. They utterly failed to introduce any evidence whatever in support of these jurisdictional allegations of fact; not only so, but the uncontroverted evidence in the record shows that the jurisdictional facts, alleged by the appellees, had no existence.

But we need not extend this opinion in the examination of any other questions presented by the record of this cause, and the appellants' assignment of errors thereon. The allegations of the second and fifteenth paragraphs of answer, which must be taken as true and may be fairly assumed to be true in fact, as against the appellees, show very clearly to our minds that neither the Wabash Circuit Court nor the Miami Circuit Court ever had or acquired jurisdiction of this action, or of the persons of said Boorum and Gregory. The proceedings in attachment were merely incidental and auxiliary to the action in which they were commenced and had; and, as neither of the said courts ever had or acquired jurisdiction of the original action, it is very clear that neither of said courts ever had or acquired any jurisdiction of said pro-

ceedings in attachment. *Fechheimer* v. *Hays*, 11 Ind. 478 ; *The Excelsior Fork Co.* v. *Lukens*, 38 Ind. 438 ; *Robbins* v. *Alley*, 38 Ind. 553.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule the demurrers to the second and fifteenth paragraphs of answer, and for further proceedings not inconsistent with this opinion.