No. 8434.

WILKINSON v. MOORE ET AL.

JURISDICTION.—*Justice of the Peace.*—The jurisdiction of an inferior tribunal, as that of a justice of the peace, must be shown affirmatively.

SAME.—*Attachment.*—An attachment is an auxiliary procedure, dependent for its validity upon the jurisdiction of the court in the principal case.

SAME.—*Actions on Contract before Justices.*—*Judgment.*—*Collateral Attack.*—An action on contract against a resident of the State, before a justice, unless commenced by *capias*, must be brought in the township of the defendant's residence, if there is a competent justice in such township, and the fact that a writ of attachment has issued, and property has been seized in the township where the suit is brought, does not take the case out of the rule. But if the defendant is served with process, and does not appear to dispute the jurisdiction, the judgment rendered against him or his property can not be questioned collaterally.

From the Montgomery Circuit Court.

*E. C. Snyder,* for appellant.

*A. L. Richards* and *H. M. Billings,* for appellees.

WOODS, J.—The appellant sued the appellees for a wrongful seizure and conversion to their own use of a quantity of lumber, the property of the appellant.

The appellees answered to the effect that the defendant Hays being a justice of the peace within and for Wayne township, Montgomery county, Indiana, the defendant Moore, on the 2d day of July, 1879, filed before him, as such justice, a

Wilkinson *v.* Moore *et al.*

complaint against the appellant, wherein the appellant was alleged to be indebted to Moore in the sum of $49; that a summons was issued against the appellant and delivered to a constable of the township, returnable July 5th, 1879, and a return endorsed by the constable that the appellant could not be found in the county; that on the same day, July 2d, 1879, Moore filed with said justice of the peace an affidavit and undertaking for an attachment against the goods and chattels of the appellant; that afterwards, on the same day, a writ of attachment was issued by the justice against the appellant and placed in the hands of said constable; that notice of the issuing of said writ of attachment and of the pendency of said cause was given for more than three weeks prior to the day set for the trial of the cause, by publishing the same in *The Waynetown Banner*, a public weekly newspaper, published in said county; that by virtue of the writ of attachment the constable seized the lumber mentioned in the complaint and caused the same to be regularly appraised by himself and a competent householder of the said township; that afterwards, on the 26th day of July, 1879, at the time and place specified in said notice, said cause was tried by the court, the appellant not appearing, and judgment was duly rendered against said property and the appellant, and an order of the court made for the sale of the lumber by the constable; that a copy of said order was issued to the constable, who, after giving ten days' notice of the time and place of the sale, sold the lumber in all things according to the order of the court; which is the trespass complained of.

Saving an exception to the overruling of his demurrer to this answer, the appellant replied as follows:

That the action mentioned in the answer was not commenced by a *capias ad respondendum*, and was not a suit for trespass to real or personal property, and that at the time of the commencement of the cause before said Richard T. Hays, where judgment by default was rendered against the plaintiff, Hays as such justice of the peace had no jurisdiction of the

person of the plaintiff, for the reason that the plaintiff was not a resident of Wayne township, in Montgomery county, but was a resident of Jackson township, in Fountain county, where there was a justice of the peace competent to act.

The court sustained a demurrer to this reply, and the appellant excepted. Whether the rulings of the court upon these demurrers were right, are the questions to be decided.

The general jurisdiction of justices is limited territorially to the townships for which they were elected and wherein they reside. 2 R. S. 1876, p. 605, section 9. But concerning attachments the provision is as follows:

"Sec. 122. Justices may issue writs of attachment against the personal property of a debtor under the rules prescribed for the prosecution of such writs, when the amount claimed by any one creditor does not exceed one hundred dollars, and their jurisdiction in such case shall be co-extensive with the county."

The rules referred to are those prescribed in the civil code of practice. *Dunn* v. *Crocker*, 22 Ind. 324; 2 R. S. 1876, p. 98, art. 9, section 156. It is provided in section 156 of the code, that "The plaintiff, at the commencement of an action, or at any time afterwards, may have an attachment against the property of the defendant, in the cases and in the manner hereinafter stated," etc.; and by sections 196 and 197 it is required that "The constable shall return the order of attachment within ten days, with his doings thereon; and in case where a summons has not been served and property has been attached, the justice shall give three weeks' notice of the attachment, in some public newspaper, published in the county, if any is published therein; if not, then by posting up written notice thereof in three of the most public places in the township, and fix the day of trial at the expiration of such notice."

"If the defendant does not appear and give bond for the release of the property attached, before the day of trial, the justice shall proceed to hear and determine the cause, and in case judgment is given against the defendant, he shall order

the property to be sold to satisfy the judgment, according to the provisions of this article."

It may now be regarded as the well settled law, that the judgment of a justice of the peace, or other inferior tribunal, rendered in a matter of which by law such court had jurisdiction, and wherein it had according to law acquired jurisdiction of the persons concerned, can not be assailed collaterally on account of mere errors or irregularities in the proceedings. *The Board, etc.,* v. *Markle,* 46 Ind. 96 ; *Stoddard* v. *Johnson,* 75 Ind. 20. And, on the other hand, it is equally well determined, that presumptions will not be indulged in favor of the jurisdiction of courts of limited powers, and their judgments have no force unless it be affirmatively shown that jurisdiction was acquired. *Jolly* v. *Ghering,* 40 Ind. 139, and cases *supra.* There is sometimes confusion and misapprehension as to what constitutes jurisdiction in the particular case.

In the case of *Michael* v. *Thomas,* 24 Ind. 72, it was held that the fact that an attachment had issued, and property had been seized, in the township where the suit was brought, did not take the case out of the rule that an action before a justice of the peace against a sole defendant, who is a resident of the State, unless commenced by a *capias,* must be brought in the township of the defendant's residence, if there be a justice competent to act in such township. The question was raised upon a plea in abatement. The defendant, having been served with process, denied the jurisdiction of the court on the ground that he was a resident of another township. In the opinion delivered, on the appeal, after citing section 122 of the justices' act, and section 196 of the code, the court said : " The first of these sections authorizes justices to issue writs of attachment in cases within their jurisdiction, and, for the purposes of the attachment, makes their jurisdiction, territorially, coextensive with their respective counties. The other section also authorizes justices to issue attachments, and prescribes the mode of procedure ; but neither of them relates to the question

of jurisdiction over the person of the debtor. They do not either enlarge or limit the jurisdiction in that respect."

The statute provides that "The plaintiff, at the commencement of an action, or at any time afterwards, may have an attachment against the property of the defendant," in certain specified cases; and this court has held that, under this statute, "a proceeding in attachment is not an original suit, but is auxiliary, only, to such suit." *Fechheimer* v. *Hays*, 11 Ind. 478.

An attachment may be issued at the commencement of an action; but to authorize an attachment a suit must be commenced, that is, a complaint must be filed against the defendant, and a summons issued thereon, and the question arises, Where must the suit be commenced? The statute answers the question. If the suit is in the circuit or common pleas court, against a sole defendant, and founded on contract, as in this case, then the action must be commenced in the county in which the defendant " has his usual place of residence," if he has such residence in any county in this State. See 2 G. & H. 58, section 33. And if, as here, the defendant resides in any township in this State, and the suit be brought before a justice, unless commenced by a *capias*, it must be brought in the township of his residence, if there be a justice competent to act in such township. See, also, *Robbins* v. *Alley*, 38 Ind. 553; *Boorum* v. *Ray*, 72 Ind. 151.

This construction of the statutory provisions leads irresistibly to the conclusion that the answer under consideration is not good. It fails to show that the principal action was brought in the township of the appellant's residence, or that he was a non-resident of the State. Unless a resident of the township or a non-resident of the State, the filing of the complaint and issue of the summons against him, as alleged, were nullities, did not constitute the commencement of an action, and, therefore, afforded no support for the attachment, which, being a mere auxiliary proceeding, can not stand by itself.

There is no great hardship or inconvenience in the prac-

tical application of this rule. The creditor, it may be presumed, will in most cases know the residence of his debtor; and whether he does or not, before obtaining a writ of attachment he must ascertain and satisfy the justice of the fact, either that the debtor is a resident of the township and suable therein, or that he is a non-resident of the State. In the latter case, the non-residence, itself being a cause for attachment, may be shown in the affidavit upon which the writ issues. If, in any case, the defendant is served with the process and does not appear to dispute the jurisdiction, the validity of the judgment rendered against him or his property can not be questioned collaterally for want of jurisdiction over his person. *Brickley* v. *Heilbruner*, 7 Ind. 488. But the summons in this case was not served.

Judgment reversed, with costs, and with instructions to sustain the demurrer to the answer.