Debolt v. Debolt *et al.*

———————————

No. 9100.

DEBOLT *v.* DEBOLT ET AL.

REVIEW OF JUDGMENT.—*New Matter.*—*Diligence.*—*Complaint.*—*Married Women.*—A complaint for review of a judgment for newly-discovered matter, under section 617, R. S. 1881, must show, not merely by averring in the language of the statute, but by facts alleged, that the new matter could not, by reasonably active diligence, have been discovered before the rendition of the judgment. This rule applies to married women as well as to others.

From the Randolph Circuit Court.

*W. A. Bickle*, for appellant.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson*, for appellees.

BLACK, C.—This was a suit brought by the appellant, Malinda Debolt, against the appellees, William P. Debolt, hus-

band of said Malinda, Ralph A. Cooper and James Moorman, to review a judgment "for material new matter discovered since the rendition thereof."

The facts were stated in the complaint, in substance, as follows: On the 31st of May, 1875, the appellee William P. Debolt executed his promissory note to the appellee Cooper for $6,655, payable one year after date, and, for the purpose of securing the payment of said note, agreed with said Cooper to execute to him a mortgage on certain real estate owned by said William, being certain lands in Randolph county and certain lots in the town of Union in said county; and the complaint alleged that said William P. Debolt, well knowing that appellant had steadily and peremptorily refused to sell, mortgage or in any manner incumber said lots in the town of Union, upon which her home was located, wrongfully, deceitfully, unlawfully and fraudulently, on the 21st of July, 1875, brought said mortgage to her for her signature; that he so read it to her as to omit any description of said lots, and, in answer to her question, informed her most solemnly that the mortgage only included the real estate therein described other than said lots; that, having confidence in her husband, and relying on said statement, she was misled and fraudulently imposed upon by him as to the contents of said mortgage, and signed it, and, without any acknowledgment of her signature to or before any officer authorized to take the same, her husband took the mortgage away with him; that further to deceive and mislead her and defraud her into signing, the officer whose certificate of acknowledgment to said mortgage appears thereon was not in the room, and did not see her sign, nor did she afterward acknowledge her signature to him, but said officer was brought into another room, and there remained until said mortgage was handed to him by appellant's husband; that she, being ignorant of legal consequences, was compelled to rely on others for information and direction with reference thereto, and, her husband being himself a lawyer, she supposed he knew and would not mislead

her; that more certainly to deceive and mislead her into sign-
ing a mortgage on said lots, her husband, instead of procur-
ing a competent notary public of Union City to take said ac-
knowledgment, procured a justice from the country, who,
from collusion with appellees or ignorance of his duties, cer-
tified to appellant's signature and acknowledgment without
witnessing the signature or asking her to acknowledge the
same; that she first learned that said lots were included in
the mortgage about the latter part of February or the first of
March, 1877; that when said mortgage was signed by her,
the only description of said lots in it was as follows: "Lots
290, 291, 306, 310"; that, some two weeks after she had
signed it, and it had passed out of her hands, she never hav-
ing seen it or had possession of it in the meantime, one or the
other of the appellees inserted in writing, by interlineation,
immediately following said description of said lots, the words,
"in the town of Union in said county of Randolph, as num-
bered, known and designated on the recorded plat of said
town," without her knowledge, consent or approval, and with-
out any re-signing or re-acknowledgment thereof by her; that
she learned this fact about the 10th of July, 1878; that, on
the 13th of December, 1876, said Cooper, by his complaint
filed in the clerk's office of the Randolph Circuit Court, upon
which summons was issued to the sheriff of said county, com-
menced suit against the appellee William P. Debolt and the
appellant, to obtain a judgment on said note and the fore-
closure of said mortgage; that said summons was served on
appellant on the 15th day of December, 1876, ten days before
the first day of the December term, 1876, of said court; that
during said term appellant's said husband, without consult-
ing her, and without her knowledge, consent or authority,
caused an answer to be by her filed to said complaint, jointly
with himself; that said Cooper, during the same term, on the
27th of December, filed his reply, putting said cause at issue;
that on the same day appellant's said husband and his counsel
withdrew said answer, whereupon a default was taken against

appellant in said cause, and a decree was entered ordering the sale of said lots, together with the other real estate mentioned in said mortgage; that an order issued under said decree to the sheriff of said county, and a sale of said real estate was made for $6,967.96 to the appellee James Moorman, who, in virtue of said sale, holds possession of the same; that appellant, believing and understanding that said mortgage only covered and included the tracts of farming land as read and represented to her when she signed it, did not intend to appear to or in said action, and did not, until long after judgment, know that any appearance had been made for her; that said words were added to the description of said lots by her said husband or said Cooper, or by their procurement, without her knowledge or consent, fraudulently, corruptly and designedly to cheat her out of her rights and interest in said property; that the foregoing facts are true, and had appellant known them when said cause was pending, she would by proof have abundantly shown them. She therefore says that the mortgage was procured from her by fraud and deceit, and that it was and is a forgery, which she can abundantly show. Prayer for a review of said judgment, etc.

The complaint was verified, and a transcript of the judgment, the review of which was sought, was filed with it.

Separate demurrers to the complaint filed by appellees Cooper and Moorman were sustained; and the only question before us is that of the sufficiency of the complaint thus raised.

Section 588 of the code of 1852 provided, as does section 617, R. S. 1881, that a complaint for review of a judgment for new matter discovered since the rendition thereof shall be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence, and that the complaint is filed without delay after the discovery.

It has been held by this court that the complaint in such case must show by facts therein alleged, and not by mere aver-

ment, in the words of the statute, that the new matter could not have been discovered by reasonable diligence before the rendition of the judgment, and that the complaint is filed without delay after the discovery of the new matter. *Barnes* v. *Dewey*, 58 Ind. 418 ; *State, ex rel.*, v. *Holmes*, 69 Ind. 577 ; *Gregg* v. *Louden*, 51 Ind. 585. The new matter must be such as the party, "by the use of a reasonably *active*- diligence, could not have known." *Jenkins* v. *Prewitt*, 7 Blackf. 329.

Appellant was a married woman at the time of the rendition of the judgment, the review of which is sought, and her coverture still continued at the commencement of this suit.

Section 586 of the code of 1852 provided that a complaint for review might be filed at any time within three years next after the rendition of the judgment, and that any person under legal disability might file such complaint at any time within three years after the disability was removed. Where the complaint for review was filed for error of law appearing in the proceedings and judgment, the provision of said section 586, in favor of a person under disability, was certainly applicable without qualification. See *Harlen* v. *Watson*, 63 Ind. 143.

In *Alexander* v. *Daugherty*, 69 Ind. 388, 395, it was said by BIDDLE, J., that said section 586 was "modified and controlled, as to the time within which the complaint may be filed, when it is founded on matter discovered since the rendition of the judgment, by section 588, which requires such complaint to show that it was filed 'without delay after the discovery' of such material new matter."

The provision in favor of parties under disabilities relates to the time of filing the complaint for review; but the complaint, based upon the discovery of new matter, whenever filed must be verified by the complainant, and show that the new matter could not have been discovered before judgment by reasonable diligence. *Comer* v. *Himes*, 49 Ind. 482.

A married woman, duly notified of the pendency of an action against her, is not relieved by her coverture from the necessity of setting up any defence which she may have, and

which, by such reasonable diligence as is required of a person not under disability, she may be able to establish.

Appellant claimed in her complaint to have discovered since the rendition of the judgment the fact that said lots were included in the mortgage, and the fact that additional words of description of said lots were written in the mortgage after she signed it.

. She was duly notified of the institution of the suit to foreclose the mortgage. So far as appears, she took no measures whatever to inform herself in regard to the proceedings, and gave no one authority to look after her interests in connection with the suit. She must be regarded as chargeable with whatever information she might have obtained from the papers, proceedings and evidence in the action. Otherwise, there might be no end of litigation, and no repose of titles acquired under judicial proceedings. Of course, slight enquiry would have resulted in information as to the real estate involved in the foreclosure suit.

There is no allegation that appellant, who was able to sign the mortgage, was unable to read its contents, or that she was prevented from so doing. It may be inferred from the allegations of the complaint, that she might have read it, but that she took the word of her co-mortgagor as to its contents, and, in the absence of the mortgagee and without being influenced by him, signed without reading. She must be held chargeable, then and thereafter, with knowledge of what she signed, as to those who, for value and without fraud (which can not be presumed), acquired rights through her signature and the foreclosure of said mortgage. It is not alleged how or from whom she discovered the new matter. If, knowing the contents of the mortgage as signed by her, she had obtained information of the purport of the pleadings and their exhibits, and the evidence in the foreclosure suit, she might, perhaps, have discovered the fact of the alteration of the mortgage. At all events, in the absence of any allegation as to the manner in which the discoveries were made, it may be that such

diligent attention to the foreclosure suit as was reasonable, in consideration of the rights of others to be acquired thereunder, would have resulted in information not only that the lots were included in the mortgage, but also that the mortgage had been altered by interlineation, as alleged.

If we knew the means by which appellant's information was received, it might be that it could be said that, by reasonable diligence, she could have received the same information through the same means before the rendition of the judgment.

Instead of showing any diligence before judgment, the complaint shows the absence of diligence, without sufficient excuse, as against appellees Cooper and Moorman.

As we think the complaint fails to show that the new matter could not have been discovered before judgment by reasonable diligence, it is unnecessary to enquire whether, if the complaint were good in this regard, it shows a cause of action against appellee Moorman, the purchaser under the foreclosure sale, or whether he is a proper party to a suit to review the foreclosure decree.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at appellant's costs.