McCauley *et al. v.* Murdock *et al.*

No. 9320.

## McCauley et al. *v.* Murdock et al.

JUDGMENT.—*Review of.—New Matter.—Diligence.*—A review of a judgment for new matter discovered since its rendition will not be granted if by proper diligence such matter could have been ascertained before the trial, nor where such matter is not material.

SAME.—*Complaint.*—In such case the complaint should show by facts averred the diligence used.

SAME.—*Jurisdiction.— Waiver.*—Whether new matter available only in support of a plea to the jurisdiction as to the defendant's person would be sufficient, *quære?* but in any event it would not be if other facts equally available for the same purpose were known, and no question was made as to the jurisdiction, and there was a waiver of all.

PROMISSORY NOTE.—*Assignor and Assignee.—Consideration.—Forged Note.*— In a suit upon a note payable in bank brought by an assignee in good faith before maturity, the fact that the consideration of the note was the assignment by the payee to the maker of a forged note, is no defence.

From the Superior Court of Marion County.

*J. Hanna, F. Knefler* and *J. S. Berryhill,* for appellants.

*B. F. Love, A. Major, H. C. Morrison* and *O. J. Glessner,* for appellees.

HAMMOND, J.—The appellant McCauley, on December 4th, 1872, filed his complaint in the court below against the appellees, as makers, and the appellant Lewis, as endorser, of four promissory notes.  It was alleged that the notes were payable to Lewis in a bank in this State, and were by him assigned by endorsement to McCauley for value before maturity.  Issues were joined upon questions as to whether McCauley was the *bona fide* holder of the notes, and as to the

appellees' set-off against the same on account of Lewis' indebtedness to them.

The case was tried by the court on November 13th, 1873, and at the request of the defendants, the appellees herein, the court made a special finding of the facts, stating its conclusions of law thereon. The facts thus found and the conclusions of law were stated by the court as follows:

" The court finds the notes sued on were executed at their date, and for a valuable consideration; that they were all payable at the First National Bank of Shelbyville; that said bank is a bank in the State of Indiana; that said notes were assigned absolutely by the payee to the plaintiff for a valuable consideration before due, and without notice to the assignee of any defence whatever; that they have not been paid to the plaintiff, and that there is now due on said notes $2,465.50. On the above facts, the court finds as conclusions of law that the plaintiff has a right to recover the above sum without relief, and directs judgment to be entered accordingly."

The appellees took no exceptions to the conclusions of law, and made no motion for a new trial. Judgment was rendered in accordance with the special findings and conclusions.

The present action was commenced by the appellees against McCauley and Lewis on September 6th, 1876. The appellants Hanna and Knefler were subsequently, by supplemental complaint, made parties defendants. The object of this action was to review the proceedings and judgment above mentioned on account of material new matter discovered since the rendition of said judgment. The appellee Murdock, as shown by the averments in the appellees' complaint, had redeemed certain real estate of his, which had been sold at sheriff's sale to McCauley under his said judgment against the appellees, and the money for such redemption, after the commencement of this action, was paid by the clerk to the appellants Hanna and Knefler, who were McCauley's attorneys. The object in making said attorneys parties defendants by supplemental complaint to the appellees' bill for review,

McCauley *et al. v.* Murdock *et al.*

was to enjoin them from paying said money to McCauley. Upon the issues joined in the present case there was a trial by jury, resulting in a verdict for the appellees. The appellants McCauley and Lewis, at the proper time, made separate motions for a new trial and in arrest of judgment, which were overruled. An order was then made directing McCauley and his attorneys, Hanna and Knefler, to pay into court for the appellees the money received from the clerk in redemption of Murdock's land. To this order proper exceptions were taken. A decree was then rendered on the verdict, vacating McCauley's judgment as to the appellees. On appeal by the appellants to the general term of the court below, the judgment of the special term was affirmed, and from that decision the appellants have brought the case to this court.

It is insisted by the appellants that the complaint does not state sufficient facts to constitute a cause of action, and that their motion in arrest of judgment should have been sustained.

The appellees, in their complaint for review, do not claim that there were any errors of law appearing in the proceedings and judgment sought to be reviewed. . They rely solely upon material new matter discovered since the rendition of the judgment, basing their action upon sections 615–620, R. S. 1881. The new matter relied upon by the appellees consists of two alleged defences to McCauley's action, which are claimed to have been discovered since the rendition of his judgment. The first of these defences relates to a partial want or failure of consideration of the notes upon which the judgment was rendered. The second defence, had it been known to the appellees in time, would have been used by them, as they claim, to defeat the jurisdiction of the court as to their persons, thereby causing an abatement of McCauley's action. Under the first cause for review, it is alleged that a part of the consideration of the notes executed by the appellees to Lewis, and upon which McCauley obtained his judgment, was the assignment by Lewis to appellees of a certain pretended promissory note, purporting to have been ex-

ecuted to Lewis by one Jacob Scheibel. This note was for $250, dated August 22d, 1871, and payable December 25th of the same year. It is averred that Scheibel did not execute this note, and that his name thereto was a forgery.

Under the second cause for review, it is charged that the appellees did not appear to McCauley's action until it was shown by the return of the sheriff of Marion county, that he had personally served summons upon Lewis in that county; that no such service was in fact made; that by McCauley's fraud, some one, whose name was unknown to the appellees, personated Lewis, and that the sheriff was procured to read the summons to that person, supposing that he was Lewis, and made return showing service upon Lewis; that Lewis was a non-resident of the State, and that the appellees resided in Shelby county, in this State; that if the appellees had known that Lewis was not served with process, they would have raised the question of jurisdiction as to themselves by answer, but, not knowing this, they entered full appearance and answered to the merits of the action.

We will first notice the second ground relied upon for the review of the judgment. It may be questioned whether the discovery of new matter, which, if it had been known, could only have been available by plea to the jurisdiction of the court as to the person of the defendant, is good for the purpose of review. Material new matter, the discovery of which after the rendition of a judgment authorizes its review, probably relates to new matter going to the merits of the action. But conceding, without deciding, that such new matter applies to a defence in abatement, as well as in bar of the action, it is quite clear that, from the facts stated, the appellees were not prevented from questioning the court's jurisdiction of their persons.

A defendant may waive jurisdiction to his person. If he fails to plead to the jurisdiction, but answers upon the merits, the judgment against him will be valid. Under the facts stated in the appellees' complaint, we think that if Lewis

McCauley *et al. v.* Murdock *et al.*

had been in fact served with process in Marion county, as shown by the sheriff's return, this did not give the court jurisdiction of the action as to the appellees. They did not reside in the county in which the action was brought. Lewis resided out of the State. Under the law then in force, if Lewis had resided in the State, the action might have been commenced in the county where he resided or in the county where the appellees lived. But, on account of his non-residence, the appellees could not be sued out of their county, though a separate action against Lewis might have been maintained in any county of the State, where he could have been personally served with process. Section 33, 2 R. S. 1876, p. 46, provided that in all cases except certain local actions, mentioned in preceding sections, "the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence. Where there are several defendants residing in different counties, the action may be brought in any county where either defendant resides; * * * and in cases of non-residents, or persons having no permanent residence in the State, action may be commenced and process served in any county where they may be found." It is plain, we think, that while Lewis might be sued in Marion county, if found there, the suit in that county without the appellees' consent could not include them as parties defendants. None of the defendants resided in Marion county. Those residing in this State should therefore have been sued in the county of their residence. A personal action against a resident and a non-resident of the State must be commenced in the county, where the resident defendant has his domicile. *Boorum* v. *Ray*, 72 Ind. 151. Service of process in another county upon the non-resident does not authorize the commencement of an action there against the resident. It is obvious that the appellees had knowledge of such facts as would have enabled them successfully to dispute the court's jurisdiction of their persons. They did not choose to do this, but went to trial upon the merits of the case.

Now, after judgment went against them, it would be encouraging needless litigation to permit a review of the judgment on account of the subsequent discovery of a jurisdictional fact, when, at the time, such facts existed within their knowledge as would have enabled them to defeat the action on account of the court's want of jurisdiction of their persons.

It also appears from the record, strongly against the appellees' claim for review upon the ground now under consideration, that the question of jurisdiction, though not urged, was considered by them as waived. A copy of the record of the case sought to be reviewed is filed with their complaint. In this occurs the following order book entry of January 25th, 1873 :

" Comes now the plaintiff " (McCauley), " by Hanna and Knefler, his attorneys, and the defendants " (the appellees), " by Voss, Davis and Holman, their attorneys, and the said defendants now withdraw their answer heretofore filed and enter a full appearance to the plaintiff's action herein and waive the jurisdiction of the court over their persons, and the defendants are, upon plaintiff's motion, ruled to answer on or before the first day of the next March term of this court, to which time this cause is by agreement continued."

After this waiver, made with full knowledge of facts which would have enabled the appellees to defeat the jurisdiction of the court, it is now too late, we think, to complain of such jurisdiction. After the appellees waived jurisdiction, it was immaterial to them whether Lewis was served with process or not. It was not essential that he should be a party to the action. Suit could have been maintained against the appellees alone.

The remaining question is whether the discovery of the forgery of the Scheibel note, after the rendition of the judgment, furnishes sufficient cause for its review. The endorsement of that note to the appellees by Lewis constituted, as is alleged, part of the consideration of the notes executed by them to him. Upon these notes, which were payable at a bank in this State, McCauley, as endorsee, obtained the judg-

ment sought to be reviewed. If the action on these notes had been brought by Lewis, the appellees could have defended to the amount of the Scheibel note on account of its invalidity. But such defence was not available against McCauley if it appeared that he was an endorsee for value before maturity, without notice of the defence.

In the case sought to be reviewed, the question of Mc-Cauley's right to maintain suit upon the notes free of defences existing as to Lewis, was presented by the appellees' answer and decided in McCauley's favor. The appellees' complaint alleges the discovery of no new matter upon this question. The fact, therefore, of the discovery of the forgery of the Scheibel note is not material as against McCauley.

The appellees' complaint is also insufficient for not showing diligence. At the time of the rendition of the McCauley judgment, the Scheibel note had been due nearly two years. It was assigned to the appellees before it was due. No reason is shown in the complaint why the appellees did not, or could not, by inquiry of Scheibel have discovered the forgery in time to have made it available as a defence at the former trial. In a complaint to review a judgment on account of new matter discovered since its rendition, it must be shown that the new matter could not have been discovered before judgment by reasonable diligence. Section 617, R. S. 1881. In such case, general averments of diligence in the complaint are not sufficient. The facts constituting the diligence must be stated. *Barnes* v. *Dewey*, 58 Ind. 418; *Collins* v. *Rose*, 59 Ind. 33; *Whitehall* v. *Crawford*, 67 Ind. 84; *Alexander* v. *Daugherty*, 69 Ind. 388; *Debolt* v. *Debolt*, 86 Ind. 521.

The appellees' complaint was insufficient, and the motion in arrest of judgment should have been sustained.

Reversed at appellees' costs, with instruction to sustain the motion in arrest of judgment.

ELLIOTT, J., did not participate in the decision of this case.

Filed May 7, 1884. Petition for a rehearing overruled Nov. 11, 1884.