Brown *et al. v.* Underhill *et al.*

No. 333.

## BROWN ET AL. *v.* UNDERHILL ET AL.

PLEADING.—*Answer in Abatement.*—*Non-Resident of County.*—*Insufficiency of.* —*Can not be Aided by Affidavit in Attachment.*—Where an action was instituted to recover attorney's fees, and with the complaint an affidavit and undertaking in attachment were filed, the ground for the same being the alleged non-residence of U., one of the defendants, an answer in abatement by the remaining defendants was demurrable which set forth that they were not residents of the county in which the cause of action was instituted, and that the cause of action, if any, was in another county, in which they resided, but which did not allege that U. (neither did the complaint) was not a resident of the county in which the action was brought. The affidavit in attachment can not be looked to in considering the sufficiency of the answer in abatement.

SAME.—*Pleas in Abatement.*—*How Construed.*—Pleas in abatement must allege every fact necessary to their sufficiency. No presumptions of law or fact are allowed in their favor. Every intendment must be taken against them.

JURISDICTION.—*Service Upon Non-Resident.*—*Attachment Against Property of.*—*Jurisdiction Over Other Defendants.*—A non-resident of the State, or person having no permanent residence in the State, may be sued and process served upon him in any county in the State where he may be found ; but a proceeding in attachment against his property will not of itself confer jurisdiction in the same action over persons as defendants who have their usual place of residence in another county. See section 312, R. S. 1881.

ATTORNEY AND CLIENT.—*Action for Attorney's Fees.*—*Employment by Unauthorized Attorney.*—Where plaintiff's claim was for legal services alleged to have been rendered for U., and such services were rendered at the request of C., who was not employed or recognized by U. as his attorney, there can not be a recovery. An attorney must first have employment himself before he can, by the procurement of assistant counsel, bind or pledge the credit of another for the payment of assistant counsel.

From the Fayette Circuit Court.

*W. E. Niblack,* for appellants.

*D. C. Chipman, S. P. Moore* and *J. J. McIntosh,* for appellees.

NEW, J.—This was an action by the appellants against the appellees, instituted in the circuit court, to recover two

hundred and fifty dollars for services alleged to have been rendered by them, as attorneys, for the appellees in a certain action of ejectment.

With their complaint the appellants also filed an affidavit and undertaking in attachment, alleging in said affidavit the amount of their claim, that it was just the sum they ought to recover, and that one of the appellees, Irving Underhill, was a non-resident of the State of Indiana. It is disclosed by the record that an order of attachment was issued and real estate belonging to the appellee Irving Underhill attached. Irving Underhill appeared to the action, and answered the complaint by a separate general denial. The other appellees filed a joint answer in abatement to the complaint, the body of which reads as follows:

"The Fayette Circuit Court has no jurisdiction of the subject-matter of the action, but the plaintiff's cause of action, if any, is in the county of Madison and State of Indiana, and the jurisdiction of this cause is in the circuit court of Madison county, Indiana; that the residence of Martha V., Cora E., and Isaac Q. Underhill is and has been in Madison county, Indiana, since December 5, 1887, and is and has been there long before and since the commencement of this suit, and is there at the present time, wherefore they demand judgment, and aver that this court has no jurisdiction over their persons or this cause of action."

A demurrer by the appellants to this answer being overruled, they replied thereto by a general denial.

Upon the issues joined the cause was submitted to the court for trial, and the court found for the appellee Irving Underhill upon his answer of denial to the complaint, and for the appellees, Martha V., Cora E., and Isaac Underhilll, upon their said answer in abatement.

Over a motion by the appellants for a new trial as to the appellee Irving Underhill, judgment was rendered against them for costs.

The appellants have assigned as error the overruling of

their demurrer to the answer in abatement and the overruling of their motion for a new trial.

The demurrer to the answer in abatement should have been sustained.

For anything that appears in the complaint, Irving Underhill may have had his usual place of residence in Fayette county at the time the action was commenced. The answer in abatement does not aver that such was not the fact.

Answers in abatement are not favored in law. They must allege every fact necessary to their sufficiency. No presumptions of law or fact are allowed in their favor. On the contrary, every intendment must be taken against them. *Ward* v. *State,* 48 Ind. 289; *Board, etc.,* v. *Lafayette, etc., R. R. Co.,* 50 Ind. 85; *Kelley* v. *State,* 53 Ind. 311; Gould Pleadings (5th ed.), 76; 1 Works Prac., section 576.

Pleas in abatement are dilatory in their character. Their object is to defeat suits upon grounds unconnected with the merits, and, therefore, it is that they are not favored in law. A plea in abatement must be more than " certain to a common intent." It must be " to a certain intent in every particular," that is to say, leaving nothing to be supplied by intendment or construction, and no supposable answer unobviated. It is not so with pleadings which are required to be certain only to a common intent, for in such pleadings nothing more is necessary, in general, than to answer fully the substance of what is effectually affirmed by the adverse party, or at most make out a claim or defence *prima facie* sufficient, without anticipating other matters not already appearing in the pleadings, but which may possibly be alleged in reply. The term " abatement," in the language of pleading, signifies prostration or demolition, and hence to " abate " a writ is to prostrate or destroy it. It therefore follows that a party's plea in abatement should not be entertained, that is to say, issue ought not to be joined upon it, unless the facts alleged in the plea, if proven, would give to the plaintiff a better writ. It must be so pleaded as to enable the plaintiff

(in a subsequent suit for the same cause) to supply the defect, or avoid the mistake upon which the plea is founded. See Gould Pleadings (5th ed.), 76; Stephen Pleading (Heard), 351.

If the appellee Irving Underhill, at the time of the commencement of the action, had his usual place of residence in Fayette county, then he and the other appellees could be jointly sued in that county. Section 312, R. S. 1881.

It will not be presumed that Irving Underhill did not have his usual place of residence in Fayette county at the time the suit was commenced. If he did not, it should have been so averred in the answer in abatement, for it required that fact, together with the fact that the other appellees were not residents of that county, to show that the court did not have jurisdiction of the persons of the latter. We can not look to the affidavit in attachment in considering the sufficiency of the answer in abatement. The affidavit is no part of the complaint proper. The complaint is the cause of action, and the right to recover upon it is neither added to nor taken from by any thing contained in the affidavit.

Counsel have discussed the question, whether, if Irving Underhill was a non-resident of this State, jurisdiction was acquired by the court over the other appellees because of the proceeding in attachment against the former.

Inasmuch as the answer in abatement is silent as to the residence of Irving Underhill, and silent as to the attachment proceeding, we do not think that question arises upon the demurrer to the answer in abatement, but we have concluded to pass upon it to the extent indicated.

By section 312, R. S. 1881, it is provided as a sequel to the five preceding sections of the code that, "In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence. Where there are several defendants, residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be is-

sued to any other county where the other defendants may be found; and in cases of non-residents, or persons having no permanent residence in the State, action may be commenced and process served in any county where they may be found."

The remainder of the section we do not quote, for it has no relevancy to the question we are considering.

It is clear that the five preceding sections do not embrace the case at bar.

Under the section which we have in part set out actions in all cases, except those named in the preceding section, are required to be commenced in the county where the defendants or some of them reside. A non-resident of the State, or person having no permanent residence in the State, may be sued and process served upon him in any county in the State where he may be found, but a proceeding in attachment against his property will not of itself, in our opinion, confer jurisdiction in the same action over persons, as defendants, who have their usual place of residence in another county. See *Robbins* v. *Alley*, 38 Ind. 553; *Michael* v. *Thomas*, 24 Ind. 72; *Boorum* v. *Ray*, 72 Ind. 151; Works Prac., section 198.

Whether the appearance of Irving Underhill to the action below would give the court jurisdiction over the other appellees does not arise upon the errors assigned. As bearing on this question, see *Boorum* v. *Ray, supra; McCauley* v. *Murdock*, 97 Ind. 229; *Lindley* v. *Kregelo*, 121 Ind. 176. These cases would seem to be not in entire harmony.

For the error committed by the court in overruling the demurrer to the answer in abatement the judgment must be reversed as to the appellees, Martha V., Cora E., and Isaac Underhill.

We are asked to reverse the judgment as to the appellee Irving Underhill upon the evidence. This we can not do.

It can not be questioned that an attorney may, under some circumstances, call to his assistance other attorneys, and the

client of the original attorney be liable for the services of those so employed. An examination of the authorities, however, will show that the law will carefully guard the rights of the client in such cases. See Weeks Attorneys at Law, 418 *et seq.*; *Briggs* v. *Town of Georgia,* 10 Vt. 68; *Paddock* v. *Colby,* 18 Vt. 485; *Willard* v. *Town of Danville,* 45 Vt. 93; *Brigham* v. *Foster,* 7 Allen, 419; *Young* v. *Crawford,* 23 Mo. App. 432; *King* v. *Pope,* 28 Ala. 601; *McCrary* v. *Ruddick,* 33 Iowa, 521; *Sedgwick* v. *Bliss,* 23 Neb. 617; *Smith* v. *Lipscomb,* 13 Tex. 532; *Voorhies* v. *Harrison,* 22 La. Ann. 85; 1 Lawson Rights, Remedies and Practice, section 161.

An attorney must first have employment himself before he can, by the procurement of assistant counsel, bind or pledge the credit of another for the payment of the assistant counsel. If Chipman was not the attorney of Irving Underhill, he could not employ counsel for him.

We have examined with care the evidence, and in our opinion it tends strongly to show that Chipman was not employed nor recognized by Irving Underhill as his attorney, but that he employed as his attorneys Roehl and McIntosh, and only them.

We do not think the court erred in its rulings upon evidence introduced.

The judgment is affirmed as to Irving Underhill, but reversed as to the other appellees, with directions to the court below to sustain the demurrer to the answer in abatement, and for further proceedings not inconsistent with this opinion.

Filed March 2, 1892.