CHITTENDEN,
*January,*
1838.

WM. P. BRIGGS *v.* TOWN OF GEORGIA.

An attorney, employed to manage a suit, may, in the absence of his employer, engage assistant counsel, and such counsel may charge his fees to the attorney or client:

When the party, or his authorized agent, is present at a trial, such party or agent should employ the assistant counsel, and, without his consent, the attorney managing would not be authorized to employ such assistant.

It is a question of fact, to be submitted to the jury, whether there was any such employment, and if services were rendered, whether they were to be performed gratuitously, or to be paid for.

THIS was an action of assumpsit for services, performed by the plaintiff, as an attorney.

Plea—General issue.

Upon the trial of the cause in the County Court, the plaintiff introduced evidence tending to prove, that at the March Term of Chittenden County Court, 1833, there was pending in that Court a suit against the defendants, in favor of one Austin, in which suit Heman Allen was employed as the attorney of the town; that when the cause came on for trial, the said Allen requested the plaintiff to assist him in the trial, and that the plaintiff, upon such request, did assist, through the trial, and argued the cause to the jury, and that, during the trial, one Bliss, who was the agent of the town, sat by and directed the plaintiff in the examination of the witnesses.

The defendants introduced the said Bliss, as a witness, whose testimony tended to prove, that he (Bliss) did not employ the plaintiff in said suit, by any conversation or agreement, and that there was no other request for plaintiff's services than the request made by Mr. Allen.

The defendants also offered in evidence the deposition of Heman Allen, who deposed that he was the attorney for the town of Georgia, in the suit of Austin against that town, and that after the commencement of the trial of that suit, but before any evidence was offered, the plaintiff took a seat at the table, near the deponent, and after a little conversation relating to the cause, the deponent asked plaintiff to sit by and help him; that plaintiff did so, actively, and argued the cause to the jury; that after the trial was over, (the cause having been reviewed) the deponent told the plaintiff that he would speak to Bliss, and advise him to engage the plaintiff in the suit.

CHITTENDEN,
January,
1838.

Briggs
v.
Town of
Georgia

Upon this evidence, the plaintiff requested the Court to charge the Jury;—That the engagement of the plaintiff by Mr. Allen, their attorney, would bind the town, and that if the agent of the defendants sat by, and saw the plaintiff laboring in the suit, for the town, the law implied an assent, without any express engagement by the agent. But the Court refused so to charge, and directed a verdict for the defendants, under a rule, that if this Court should be of the opinion that the engagement by Mr. Allen, the attorney, or that the implied assent of Bliss, the agent, would bind the town, then the verdict should be set aside, and judgment be entered for the plaintiff to recover against the defendants $30,25.

The plaintiff excepted.

Plaintiff, *pro se.* The case shows the actual employment of the plaintiff, by Mr. Allen, and the actual performance of the services, for which payment is claimed. But it is insisted, that such employment by Mr. Allen, the known and authorized attorney of the town, cannot, in this case, bind the town. The case of the town of *Buckland* v. the town of *Conway*, 16 Mass. R. 396, seems to be decisive of this question. Chief Justice *Parker*, in delivering the opinion of the Court in that case, says, that an attorney, when appointed, (as was Mr. Allen in this case) has all the powers which the agent himself could have.

2. When an agent is appointed, by a town, to defend a suit, the town is not only represented, but is *bodied forth* in the individual appointed, and the assent of such individual, express or implied, must bind the town. *Smith* v. *Congregational Society* in Lowell, 8 Pick. 178.

*A. G. Whittemore,* for defendants.

1. There was no engagement on the part of the town, through Mr. Allen. His deposition shows that he did not engage the plaintiff, with an expectation that he, or the town, would ever be called upon for pay, nor had the plaintiff any right to expect any pay.

2. Mr. Allen, as the attorney of Georgia, had no power to employ another attorney, and thereby bind the town to pay him. *Tippets* v. *Walker et al.* 4 Mass. R. 595-9. Paley on agency 390. 2 Kent's Com. 633.

3. There is no implied liability upon a town, and although

CHITTENDEN,
January,
1838.

Briggs
v.
Town of
Georgia.

Bliss, the agent, knew that Briggs was acting for his principal, yet, Bliss' knowledge did not bind the town. *Aldrich* v. *Londonderry.* 5 Vt. R. 441. *Atkins* v. *Banwell*, 2 East's R. 505. *Gent* v. *Tompkins*, 1 D. & R. 541. *Miller* v. *Inhabitants of Somerset*, 14 Mass. 396. *Edwards* v. *Davies*, 16 Johns. 281. *Middlebury* v. *Hubbardton*, 1 D. Chip. R. 205. *Jamaica* v. *Guilford*, 2 D. Chip. R. 103.

The opinion of the Court was delivered by

WILLIAMS, C. J.—An attorney, who has the management of a suit, and who is both the agent and attorney for the party, may employ assistant counsel at the charge of his client. The counsel employed may charge his fees to the attorney employing him, who may recover the same of the party, or they may be charged directly to the party. But when the attorney is only employed to attend to the suit, and the party is in the immediate vicinity, and directs as to the management of the suit, no general authority, in the attorney, to employ assistant counsel would be implied.

If the attorney, who has the management of the suit, employ an assistant at the trial, and the client is present, and sees the person, thus employed, assist in managing and conducting the suit, the inference would be strong, if not irresistible, that he consented to such employment, and he would be liable for the fees of the assisting counsel.

In the case under consideration, it was a question of fact, whether Mr. Briggs was employed by Mr. Allen, whether the agent of the town, Mr. Bliss, who had authority to do all, that was necessary in the defence, knew of the engagement of Mr. Briggs, and whether his services were to be rendered gratuitously, or for a compensation.

The plaintiff was not entitled to the charge requested, inasmuch as there is no such inference of law as he contended for, but the question should have been submitted to the jury for them to determine, whether he was employed by Mr. Allen, and whether the agent of the town consented to such engagement.

The judgment of the County Court must be reversed, and a new trial granted. The rule, entered into by the parties, cannot be enforced here.