## Madison Scott *v.* Warren Hoxsie.

Where S.,. an attorney, employed to conduct a suit, employed H., another atorney, to assist him, but not professing to employ him in behalf of his client, and it not appearing that he had authority so to do, and that he was the only person who did employ H., it was held that S. was personally responsible without proof of an *express* promise.

This was an action of book account. Judgment to account having been rendered by the county court, auditors were appointed, who afterwards reported a balance in favor of the defendant of one dollar and thirty-five cents.

The auditors further reported that they had allowed the ninth and tenth items of the defendant's account, subject to the opinion of the court upon the following statement of facts.

The ninth item in the defendant's account was for the services of the defendant in a suit in favor of one Lamphire. The plaintiff, Scott, as attorney for Lamphire, brought a suit in favor of Lamphire, and engaged the defendant, Hoxsie, to assist him in the management of that suit. Hoxsie rendered the services and they were reasonably worth five dollars, and no other person than Scott employed him in the suit. Scott objected to the allowance of this item, unless the auditors should find an express promise, on the part of

Scott, to pay for the services. The auditors did not find an express promise, but allowed the charge on the ground of an implied promise to pay for the services.

The tenth item in the defendant's account was for services rendered by the defendant, Hoxsie, in a suit in favor of one Nichols, against one Hill. Scott was engaged by Nichols in that suit. Scott, and no other person, engaged Hoxsie to assist him in the trial. Hoxsie rendered the assistance required, for which he charged five dollars, which the auditors found to be a reasonable charge, but they did not find an express promise, on the part of Scott, to pay for the services, but decided, that, from the facts stated, there was an implied promise, on the part of Scott, to pay a reasonable sum for the services. Scott objected, before the auditors, to the allowance of this item, for the same reasons stated in relation to the ninth item.

At the time of the said engagements of Hoxie, by Scott, in the aforesaid suits, neither Lamphire nor Nichols were present, but they were each present at the time of the trial of their respective suits.

The parties in this suit were practising attorneys in the courts of this state when their respective accounts accrued. The plaintiff objected to the acceptance of said report by the county court; but the county court overruled the objection, accepted the report and rendered a judgment thereon in favor of the defendant for the amount found due by the auditors, to all which the plaintiff excepted.

*J. Maeck*, for plaintiff.

The decision of the auditors, in allowing the 9th and 10th items of defendant's account against the plaintiff, was erroneous. It is apparent that the services were not performed for the benefit of the plaintiff, but for the benefit of third persons, and that plaintiff, in engaging defendant to assist him, was acting as agent for his respective clients, and this, from the profession of the defendant, must have been known to him.

That an agent is not liable upon an agreement he makes in his representative capacity, when his principal is known, and he does not transcend his powers to bind his principal, is too well settled to need authority. The contract of the

CHITTENDEN,
January,
1841.

Scott
v.
Hoxsie.

agent is the contract of the principal.   Chitty on Cont. 183 and 184.   Paley on Agency, 289.

The case does not find any express promise on the part of the plaintiff to pay the defendant, nor any request by the defendant that he should become responsible, but, upon the contrary, it appears that in both cases the clients were present at the respective trials, knew that the defendant, Hoxsie, was engaged, and made no inquiry or objection.   They were, then, clearly bound to pay the defendant, and the principals being bound, the agent is not.   *Briggs* v. *Georgia*, 10 Vt. R. 70.   *Wires* v. *Briggs*, 5 Vt. R. 101.

*A. G. Whittemore*, for defendant.

The 9th and 10th items are objected to on the ground that an engagement of the defendant, by the plaintiff, to do certain services, does not imply a promise to pay for them.

It is expressly found by the report, not only that Scott *did* engage the defendant, but that no other person did engage him.   The law is well settled that if one man employs another to do a certain piece of work for him, or for a third person, it implies a promise on the part of the employer to pay the laborer his wages.   This being the general rule of law, does the fact that Scott was a practising attorney make any difference ?

In order to turn the plaintiff round to Scott's clients, Scott ought to have shown that he engaged the defendant on their account, and even then they would not be bound by Scott's engagement, unless they assented to it.   The services were rendered on the credit of Scott alone.   There was no privity of contract between Scott's clients and the defendant. Scott is therefore liable.   *Bell* v. *Mason*, 10 Vt. Rep. 509. See remarks of Williams, Ch. J., in *Briggs* v. *Georgia*, 10 Vt. Rep. 70.

The opinion of the court was delivered by

BENNETT, J.—This case comes before us upon exceptions to the opinion of the county court in rendering judgment for the defendant upon the report of the auditors.

The only question which arises is on the two items in the defendant's account, numbered nine and ten.   In regard to these two items, the auditors report that Scott had been en-

gaged as an attorney to institute two certain suits for the in-dividuals named in the report, and that having commenced them, he engaged the defendant to assist him, and that the defendant rendered the services and was employed by no one except the plaintiff. Though the auditors do not find an express promise on the part of Scott to pay the defendant for these services, yet, they allow them upon the ground of an implied promise. The services were rendered at the express request of Scott, and he did not profess to employ the defendant in behalf of his clients ; and, indeed, it does not appear that he had any authority so to do. Besides the auditors report expressly negatives the fact that the defendant was employed by them. No express promise, as has been urged, could be necessary to charge the defendant. The plaintiff acted upon his individual responsibility, and was the only person who did ever employ the defendant. The auditors were fully justified in finding an implied promise, under the circumstance of this case, from the express request of the plaintiff to perform the services. Such a request is as obligatory upon the party as an express promise.

The judgment of the county court is affirmed.