A. J. WILLARD *v.* THE TOWN OF DANVILLE.

*Attorney. Authority implied by Law.*

As a general rule, an attorney employed as such in a cause, has not thereby the incidental power to pledge the credit of his client by employing another attorney as an assistant. But, where the facts in a particular case are such that it may fairly be inferred from them that such authority was given, this general rule would yield.

Where the agent of a town for prosecuting and defending suits was not present at the trial of a suit against the town, but was at his home in a town adjoining the place of trial, and had done nothing about the suit, except consult once with the attorney for the town, to determine upon the necessary preparation for defence, and procure the attendance of the necessary witnesses at the trial, in other respects the care and responsibility of the trial being left with said attorney, who resided at the place of trial, nothing appearing to indicate that said agent might not have been seasonably consulted on the subject of employing assistant counsel, nor that any thing transpired, or came to light, rendering counsel necessary, which was not known to said attorney and agent at the time of such consultation, it was *held,* that said attorney had not therefore authority implied by law to bind the town by the employment of assistant counsel in the case.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, December term, 1871, Ross, J., presiding.

The plaintiff's claim was for services as an attorney in the trial of a suit, *Howard* v. *Danville,* at the June term of Caledonia county court, 1867, and before the supreme court at the August term, 1867. No question was made in regard to the performance of the services, or the reasonableness of the charges. The plaintiff admitted that he was employed in behalf of the town by J. D. Stoddard, Esq., and by no other person. The only question litigated was whether Stoddard had authority to employ assistant counsel. It was admitted that Stoddard was employed by Joseph H. Fuller, who was the agent of the defendant for 1866, to defend said suit, and three others, which were brought by soldiers for the recovery of bounties. It appeared that J. S. H. Weeks was agent of the town for 1867, but was not present at the time of trial. It was not claimed that Weeks gave Stoddard any authority to employ assistant counsel. Weeks had but one interview with Stoddard prior to the trial of said cause, at which time he learned what witnesses would be wanted, and summoned them, and had them in attendance at court, but did nothing further about the trial of the case. It appeared that at the time the sol-

diers were enlisted; Wm. J. Stanton was first selectman of the defendant town, and was knowing to the contract, and was a witness for the town in said cause ; that Stoddard consulted with him in regard to the case, and that he sat by the counsel and made suggestions at the time of trial. Stanton was not selectman of the town in 1866, or 1867, and it was not claimed that he ever authorized Stoddard to employ the plaintiff, but Stoddard's testimony tended to show that Stanton knew he must have assistance, and knew that he employed the plaintiff. Stoddard was a witness for the plaintiff, and on cross examination testified : "I don't pretend to state that Fuller authorized me to employ assistance." Knew he knew Stanton was the principal man, and Stanton knew whom I had employed." He was asked if he testified before the justice in the trial of this case anything about Stanton's being active at the trial of the Howard case, or of his knowing he had employed the plaintiff, and he answered that he thought he did. The defendant used C. H. Davis, Esq., as a witness to what Stoddard testified to before the justice, and who testified that Stoddard did not there testify anything about Stanton's having anything to do with the trial of the Howard case, but did there testify that "he was employed generally by Fuller to employ counsel in the suit." Stoddard, on being recalled, among other things, testified : "I might have stated before the justice, and I state now, that Mr. Fuller left the whole matter to me to conduct the suit as I thought best, to make the defence available." Fuller was a witness for defendant, and his testimony tended to show that he gave Stoddard no authority to employ assistant counsel in the suits for soldiers' bounties, but did in another suit of *Cowdry* v. *Cowdry*, in which the town was interested, and that he employed Mr. Stoddard for the town. The plaintiff requested the court to charge the jury :

"First, that if the jury find that Mr. Stoddard was employed by the town agent as counsel to take charge of this suit, with others, and to have the charge and direction of the same, with power to employ counsel as he might judge best, the defendant would be liable. Second, that if the jury find that the town agent resided in another town from where the court was held, and that he left to Mr. Stoddard the sole care and responsibility of

the trial of the case, and he employed the plaintiff to assist him, the town would be liable."

The court substantially complied with the plaintiff's first request, but declined to charge as secondly requested. The court instructed the jury that the plaintiff must satisfy them, not only that he performed the services for which his charges were made, but also that he performed them at the express or implied request of the town; that the town agent, or selectmen, were duly authorized to make such request, and that they could employ or authorize Stoddard to make such request for them on behalf of the town; that Stanton, being but a citizen of the town and a witness in the case, and not an agent of the town, could not authorize Stoddard to make the request, or employ the plaintiff, neither would the fact that he was present at the trial, and knew of the employment of the plaintiff by Stoddard to aid in the trial, bind the town; that the simple employment of Stoddard by the defendant as an attorney in the case, would not authorize him to employ the plaintiff to assist him on behalf of the town; and that it was incumbent on the plaintiff to satisfy them that Stoddard had such authority from the town agent, Fuller; and that in determining whether Stoddard had such authority, they would consider the testimony of Stoddard, of Fuller, and the other witnesses, the probability whether Stoddard would employ plaintiff without he had authority, and all the circumstances of the case, and also the fact that the town agent was not present at the trial, but left the management of the trial to Stoddard. The charge in other respects was such as the case required, and satisfactoiy to the plaintiff. The jury returned a verdict for the defendant. To the refusal to charge as requested, and to so much of the charge as is above detailed, the plaintiff excepted.

*A. J. Willard*, pro se, cited *Paddock* v. *Colby*, 18 Vt. 485; *Briggs* v. *Georgia*, 10 Vt. 68; *Hopkins* v. *Willard et al.* 14 Vt. 474; *Kimball* v. *Perry*, 15 Vt. 414; *Beckland* v. *Conway*, 16 Mass. 396; *Langdon* v. *Castleton*, 30 Vt. 285.

*C. H. Davis*, for the defendant, cited *Paddock* v. *Colby*, supra; Paley Agency, 390; 2 Kent Com. 633.

The opinion of the court was delivered by

PECK, J. The case states that "the only question litigated was whether Mr. Stoddard had authority to employ assistant counsel," and therefore this is the only question before this court. It appears that Fuller was the town agent of Danville for the year 1866, and as such, in the time of his agency, employed Stoddard as attorney to defend the suit, Howard against Danville, in which the plaintiff, under an employment by Stoddard, at the June term of the county court, 1867, rendered the services as assistant counsel, for which he claims to recover. Weeks was the town agent for the year 1867, and it appears that he had an interview with Stoddard prior to the trial at the June term, 1867; and learned what witnesses would be wanted, and summoned them, and had them in attendance, but did nothing further about the trial, and was not present at the trial, and the case states that it was not claimed that Weeks gave Stoddard any authority to employ assistant counsel. Therefore, so far as any such authority *in fact* can be claimed to have been conferred on Stoddard, beyond what would result as matter of law under the circumstances, from his employment as attorney to defend the case, it must depend on the employment of Stoddard by Fuller. This question of fact was left to the jury under a charge as favorable to the plaintiff as he could reasonably ask. It is evident from the portion of the charge given in the exceptions, that the jury, in order to find for the plaintiff, were not required to find that authority to employ assistant counsel, was, in express terms, given to Stoddard; but that they were allowed to infer from the facts and circumstances proved in the case that such authority was given. But the jury have found that no such authority was given. Had the jury found such authority given, then under the charge, in accordance with the defendant's first request, which the case states was substantially complied with, the verdict must have been for the plaintiff.

But it is insisted on the part of the plaintiff, that he was entitled to a charge according to the second request, which is, "that if the jury find that the town agent resided in another town from where the court was held, and that he left to Mr. Stoddard the sole care and responsibility of the trial of the case, and Stoddard

employed the plaintiff to assist him, the town would be liable."
To determine the correctness of this proposition, it must be
viewed in connection with other facts in the case not in dispute.
It appeared that the town agent resided in another town than that
in which the trial was, and did not attend the trial; but it ap-
peared that, preparatory to the trial, he had an interview with
Stoddard, and learned what witnesses were necessary, and sum-
moned them, and procured their attendance at the trial; so that
the whole preparation of the case for trial, as appears by the con-
ceded facts in the case, was not left to Stoddard. This, together
with the further fact in the case, that it was not claimed at the
trial that Weeks, the town agent, gave Stoddard any authority to
employ assistant counsel, leaves no ground on which the plaintiff
can be entitled to a charge in accordance with this second request,
unless, as matter of law, Stoddard had authority to employ assis-
tant counsel, by virtue of his employment as attorney to defend
the suit. As a general rule, an attorney employed as such in a
cause, has not thereby the incidental power to pledge the credit
of his client by employing another attorney as an assistant. This
was held in *Paddock* v. *Colby*, 18 Vt. 485. In *Briggs* v. *Geor-
gia*, 10 Vt. 68, the same principle is recognized. Where the facts
in a particular case are such that it may fairly be inferred from
them that such authority was given, this general rule would yield.
So far as this inference is a question of fact, the plaintiff in this
case has had it submitted to the jury, and the jury have found
against him. But it is insisted on the part of the plaintiff, that
in view of the fact that the town agent, Weeks, was absent from
the trial, and left Stoddard to conduct the trial without his attend-
ance, authority in Stoddard to employ assistant counsel is implied
as matter of law. It is true, an agent of a foreign principal, so
distant that he has not time to communicate with him for instruc-
tions, is sometimes held to have authority in an unexpected emer-
gency, that he would not have if his principal were present, or so
near as to afford an opportunity seasonably to consult him. The
same principle applies to an attorney at law, in a case proper for
its application; and under peculiar circumstances, authority to
employ assistant counsel would be implied. In this case, how-

14

ever, Weeks, the town agent, resided in the vicinity of the residence of Stoddard, and of the place of trial, in an adjoining town ; and nothing appears indicating that he might not have been seasonably consulted on the subject of employing assistant counsel ; nor does it appear that anything transpired, or came to light, rendering assistant counsel necessary, which was not known to Stoddard and Weeks at their interview when they determined upon the necessary preparation for the trial. It is evident from the report of *Paddock* v. *Colby*, that the client of the attorney who employed assistant counsel was not present at the trial. It is fairly to be inferred from the auditor's report, although it is not so stated in express terms, and the counsel in that case, on both sides, evidently so considered it in their briefs as reported.

The case at bar comes within the general rule on this subject, and the plaintiff's exceptions cannot be maintained.

Judgment affirmed.