ALEX. YOUNG, Appellant, v. DUGALD CRAWFORD,
Respondent.

St. Louis Court of Appeals, November 23, 1886.

1. ATTORNEY AND CLIENT — IMPLIED CONTRACTS. — An attorney, as
such, has no power to employ, at his client's expense, other attor-
neys to assist him in the prosecution or the defence of a suit.

2. ———— That the client is present at the trial and sees another
attorney assisting in his suit, and fails to object thereto, does not,
of itself, render the client responsible for such attorney's compen-
sation.

3. INSTRUCTIONS — TECHNICAL WORDS. — The use of the words, "rat-
ify" and "ratification," in an instruction, without explanation,.
does not render the instruction objectionable.

APPEAL from the St. Louis Circuit Court, DANIEL.
DILLON, Judge.

*Affirmed.*

UPTON M. YOUNG and ALEX. YOUNG, for the ap-
pellant: With full knowledge of the services rendered,
in the trial of his case, Crawford had no right to be
silent. *Bank v. Gay*, 63 Mo. 33. In support of the
plaintiff's instructions, we rely upon well established.
principles of agency, and upon the following authori-
ties: *Holmes v. The Board of Trade of Kansas City*,
81 Mo. 137; *McCrary v. Ruddick*, 33 Ia. 521; *Scott v.
Railroad*, 86 N. Y. 200; *Fister v. La Rue*, 15 Barb.
324.

WALKER & WALKER, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover the reasonable value of
legal services which plaintiff states were rendered by him

to the defendant at his request. There was no evidence that the defendant had retained the plaintiff, but the evidence tended to show that one Kinealy, the defendant's attorney, had retained him to assist in the defence of a cause pending in the circuit court, and that plaintiff did render valuable legal services, in the defendant's presence and on his behalf in said cause.

When Kinealy first saw the plaintiff in connection with the case he simply stated that the defendant was very uneasy about it, and that he (Kinealy) wanted the plaintiff to assist in procuring testimony and to aid at the trial. The evidence tended to show that on the day of the trial Kinealy introduced the plaintiff to the defendant, with the statement, "This is Mr. Young, the attorney who is going to assist us in the trial of the case." Also, that Kinealy informed the defendant, prior to entering upon the trial of the case, that he had retained the plaintiff to assist, and that the defendant had answered, "all right," or, "that is good." These facts, however, were denied by the defendant, who, testifying on his own behalf, stated that he never authorized Kinealy to employ the plaintiff ; that he never employed him himself, and never spoke to him ; that he was present at the trial and heard the plaintiff argue a motion, made in his (the defendant's) behalf, but that the first intimation of the fact that the plaintiff looked to him for compensation, he received long afterwards when he settled with Kinealy for his legal services in the case.

This being substantially all the testimony, the plaintiff asked three instructions to the jury, all of which were refused by the court. The first made the defendant's liability dependent on the fact that he was informed by Kinealy that the plaintiff had been employed in the case. The second and third made the defendant's liability dependent on the fact that the services were rendered by the plaintiff in the defendant's presence, without objection on the part of the defendant.

The jury found for the defendant. The plaintiff, appealing, assigns for error the refusal of these instructions.

These instructions were properly refused. The first was objectionable because it sought to make the defendant responsible, regardless of the time when he was informed by Kinealy of the plaintiff's employment in the defendant's behalf. The court gave this instruction in a modified form, and such modification was proper, in view of the fact that there was a conflict in the testimony as to when the defendant was first informed touching the nature of the plaintiff's employment.

The second and third instructions were objectionable because they predicated the defendant's liability on the fact that the services were rendered in his presence, and without any objection on his part, regardless of the fact whether the defendant knew, or had good reason to believe, that the plaintiff had been employed on his behalf and looked to him for compensation. The case of *Holmes v. The Board of Trade* ( 81 Mo. 144 ), relied on by the plaintiff in support of these instructions, shows the necessity of the qualification which they omit.

While the employment of an attorney is one that pre-supposes personal trust and confidence by the employer in the employe, there is nothing in the nature of the employment precluding one attorney from retaining another to aid him in the prosecution or defence of a suit under a promise, express or implied, that the attorney thus employed shall look to the attorney employing him for compensation. There is nothing in this record to negative the idea that the defendant had a right to suppose that this was done in the present instance.

The plaintiff relies mainly on the case of *McCrary v. Ruddick* ( 33 Ia. 521 ), in support of the soundness of the second and third instructions offered by him. An examination of that case will show that its facts were different, and while the language used by the learned judge who decided it, gives countenance to the propriety

of these instructions asked by the plaintiff, yet such language was used in view of the particular facts developed by that case. In that case the attorney who made the employment occupied the dual relation of attorney and co-defendant, and the judge, in his opinion, lays stress upon the fact that the services were rendered at the request of one who was himself a defendant.

The plaintiff also assigns for error the giving of two instructions, one by the court of its own motion, and the other upon the defendant's request.

Of its own motion the court gave the following instruction:

"The court instructs the jury that, if they believe, from the evidence, that the plaintiff was employed by the witness, Kinealy, to assist in the defence in the trial of the case of Lancaster vs. Crawford, and that he informed said Crawford before, or during the trial, of said employment, for or on account of Crawford, then they will find for the plaintiff, what they believe, from the evidence, such services were reasonably worth."

And the following instruction upon the defendant's request:

"The jury are instructed that, by the employment of an attorney-at-law to conduct a case in court, a personal confidence and trust is imposed in said attorney which can not be by him delegated to another attorney, except by the consent of the client, or by the client's own ratification of such employment; and though said ratification shall not be in express terms, it must be of such a character that the jury can reasonably believe, from the client's actions, that he consented to the employment. If, therefore, the jury believe, from the evidence in this case, that the defendant never authorized his attorney, M. Kinealy, to employ the plaintiff, nor ratify any such employment, they will find for the defendant, and to enable the plaintiff to recover, he must prove by a preponderance of the evidence that such au-

thority was given, or that such employment was ratified by the defendant."

There is nothing in either of these instructions of which the plaintiff can justly complain. The first is a mere modification of an instruction asked by the plaintiff, and the modification was, owing to the facts of the case, not only proper, but essentially requisite. The second states unquestioned propositions of law, not in the abstract, as the plaintiff complains, but in their application to hypothetical facts. The words, "ratify" and "ratification," are constantly used in instructions as ordinary words of the English language and in common use. They are not purely technical legal expressions, and no reason exists why their meaning should be defined and explained to an intelligent jury, any more than the meaning of the words, "sanction" or "approve."

The judgment is affirmed. All the judges concur.