# Wytheville.

## W. F. CULBERT v. HUTTON & HUTTON.

June 19, 1924.

· Absent, Campbell, J.

1. ATTORNEY AND CLIENT—*Employment of Associate Counsel—Authority.*— Where an attorney told his client that he desired to associate another attorney with him in a suit in which his client was defendant; and, although the client tried to discourage this because of the additional expense, he nevertheless authorized the attorney to do whatever he thought best, the employment of the associate attorney was clearly authorized.

2. ATTORNEY AND CLIENT—*Client's Liability for Fee—Reasonable Fee—Case at Bar:*—Where a client personally authorized the employment of an attorney and knew of his labors and accepted them without question, his liability to pay a reasonable fee for the attorney's services is established; and, that the attorney's fee in the instant case was quite reasonable for the effective service performed was abundantly shown by the evidence introduced to sustain it.

3. ATTORNEY AND CLIENT—*Client's Liability for Fee—Joint and Several Liability for Fee.*—In an action by an attorney to recover his fee for legal services, the court instructed the jury that "when legal services are rendered by an attorney to a client, and the client accepts such services and avails himself of them, then the law implies a promise by the client to pay the attorney a reasonable fee for the services; and if the services were rendered to two clients jointly, then the law implies a joint promise to pay the fee, and the attorney has the right to sue for and may recover the entire amount of the fee from either of the two clients, if he elects to sue one of them only."

   *Held:* That even if the promise, express or implied, upon which the action was based was the joint promise of defendant and another to pay for the services rendered by the plaintiff, the instruction was correct under section 6265 of the Code of 1919.

4. ATTORNEY AND CLIENT—*Action by Attorney for Fees—Joint and Several Liability for Fees—Instructions.*—In the instant case, an action by an attorney for his fee for legal services, the court instructed the jury that if services were rendered to two clients jointly, then the

law implied a joint promise to pay the fee, and the attorney might recover the entire amount of the fee from either of the clients. It was objected to this instruction that there was no evidence of a joint contract. Even if this be true, there was an effort to reduce the recovery by claiming that plaintiff was only liable for such part of the legal service as was rendered for him alone. There was, however, no effort made to separate or designate such service, and under the circumstances this was impossible, as the defense of defendant and his codefendant in the suit in which the plaintiff's services were rendered was identical, established by the same testimony, and it would have been well-nigh impossible to render any service to the one without its inuring to the benefit of the other.

*Held:* That in any view of the case plaintiff was entitled to recover.

Error to a judgment of the Circuit Court of Washington county, in an action of assumpsit. Judgment for plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Jas. White Sheffey* and *Peters, Lavinder & Peters*, for the plaintiff in error.

*Wm. A. Stuart* and *Buchanan & Buchanan*, for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

This is an action of assumpsit in which there was a verdict and judgment in favor of Hutton & Hutton, attorneys, against Culbert for $1,185.00, for a fee for legal services rendered to him in successfully defending the chancery suit of *Snyder* v. *Culbert and Mathieson Alkali Works, a Corporation.*

[1, 2] The complainant in the chancery suit sought to enjoin the operation of a quarry which was owned by Culbert and by him leased to the Mathieson Alkali Works, and both were charged with committing the

wrongs complained of, as well as with liability for the damages claimed. When the process was served, Culbert conferred with Mr. George E. Penn, attorney, who was also the retained counsel for his codefendant, who told him that he (Penn) desired to associate with him Hon. F. B. Hutton, of the firm of Hutton & Hutton. While Culbert states that he tried to discourage this because of the additional expense, he nevertheless authorized Mr. Penn to do whatever he thought best, and thus the employment was clearly authorized. Hutton was thereafter told by Penn that Culbert was to pay his fee. This chancery suit involved large interests, the minimum rental reserved by Culbert being $22,500.00 per year for five years, and he also received all the undersized stone, called chips or spalls, which would analyze not less than ninety per cent calcium carbide, which he sold for agricultural lime, concrete and road construction, and from which he also received profits, the amount of which he failed to estimate. Culbert had himself operated this quarry for several years preceding the lease to Mathieson in 1918, and the suit was instituted in the spring of 1920, required the taking of many depositions, more than one argument, and was finally decided November 16, 1921. Penn testifies that he told Culbert, at the time of the first consultation, that under his construction of a certain provision in the lease the Mathieson Alkali Works would expect him (Culbert) to take care of that suit, but if in its progress it should appear that the lessee negligently conducted its operations, he would advise that the lessee corporation should assist in the payment of part of the fees. This is denied by Culbert. He, however, personally authorized Judge Hutton's employment, knew of his labors and accepted them without question. His own testimony establishes his liability to pay a reasonable fee therefor.

That the amount recovered is quite reasonable for the effective service performed is abundantly shown by the evidence introduced to sustain it.

The only assignment of error is the giving of this instruction:

[3] "The court instructs you that when legal services are rendered by an attorney to a client, and the client accepts such services and avails himself of them, then the law implies a promise by the client to pay the attorney a reasonable fee for the services; and if the services were rendered to two clients jointly, then the law implies a joint promise to pay the fee, and the attorney has the right to sue for and may recover the entire amount of the fee from either of the two clients, if he elects to sue one of them only. Hence, if you believe from a preponderance of the evidence that the plaintiffs are entitled to a fee for the services in question, then they are entitled to a verdict in this case for such sum as you may think from the evidence is reasonable for the entire services actually rendered by them, whether the same was rendered for W. F. Culbert alone or for him and the Mathieson Alkali Works jointly."

It is contended that this instruction violates the rule that the proof must correspond with the allegations, and be confined to the issues raised by the pleadings.

The issues raised by the defendant, as shown by his grounds of defense, are, that the fee claimed, $1,250.00, is excessive, and that he did not promise to pay Hutton for the entire service rendered, but only a reasonable compensation for such services as were rendered him, and is in no wise liable for services rendered the Mathieson Alkali Works. He sought to maintain these defenses by evidence. He also filed an affidavit charging that the services were rendered at the joint request of

himself and his codefendant, that the promise to pay was joint, and that they were jointly liable. The Mathieson Alkali Works was thereupon, on Culbert's motion, made a defendant to this action, and thereafter, on their several motions, the action was dismissed as to the Mathieson Alkali Works, and Culbert was permitted to withdraw the affidavit.

[4] While each of the defendants in the Snyder suit filed separate answers, their defense was identical, established by the same testimony, and it would have been well nigh impossible to render any service to the one without its enuring to the benefit of the other. By the evidence introduced in defense of this action, he sought to reduce the plaintiffs' fee as excessive, and the latter part of the instruction was directed to this phase of the defense. Even if the promise, express or implied, upon which this action is based was the joint promise of Culbert and Mathieson to pay for the services rendered in the suit, the instruction is correct, for Code, section 6265, expressly provides that "upon all contracts hereafter made by more than one person, whether joint only or joint and several, an action or motion may be maintained and judgment rendered against all liable thereon, or any one, or any intermediate number."

The chief criticism of the instruction is the claim that there is no evidence of a joint contract. Even if this be true, there certainly was the effort to reduce the recovery by claiming that Culbert was only liable for such part of the legal service as was rendered for him alone, but there was no effort made to separate or designate such service, and under the circumstances this was impossible. So that in any view of the case, the plaintiffs are entitled to recover in this action.

*Affirmed.*