HENRY FREEMAN & another *vs.* ANIELLO COLLARO.

Worcester.    September 26, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Sale of Merchandise in Bulk.    Sale,* Validity.    *Contract,* Implied.    *Fraud.*

A vendor of merchandise cannot maintain an action of contract for the purchase price against one who, not in the vendee's ordinary course of business and without there having been a compliance with G. L. c. 106, § 1, bought and received delivery of the vendee's store and all the stock in trade and fixtures therein, including merchandise other than that sold to the original vendee, and thereafter sold the merchandise and received more than the amount of the claim of the original vendor.

CONTRACT. Writ in the Central District Court of Worcester dated February 13, 1926.

The declaration was as follows:

"Count 1. The plaintiff says that it sold certain goods to one J. Lamarica, who was the owner of a store . . . that thereafter the defendant purchased the store owned by the said Lamarica, in which store was contained the goods owned by the said Lamarica in excess of the amount herein claimed; that the defendant and the said Lamarica failed to comply with G. L. c. 106, § 1, and the plaintiff

received no notice of the sale. Wherefore the defendant owes the plaintiff the sum of $67.71.

"Count 2. The plaintiff says that it sold certain goods to one J. Lamarica, who was the owner of a store . . . , that thereafter the defendant purchased the store owned by the said Lamarica, in which store was contained the goods owned by the same Lamarica in excess of the amount herein claimed; that the defendant and the said Lamarica failed to comply with G. L. c. 106, § 1, and that the plaintiff received no notice of the sale. That the defendant has sold the goods which formerly belonged to the said Lamarica and has failed to account for the proceeds thereof to the plaintiff. Wherefore the defendant owes the plaintiff the sum of $67.71."

The judge of the District Court found for the defendant. A report of the action to the Appellate Division for the Western District was ordered dismissed. The plaintiff appealed.

*S. A. Seder,* for the plaintiffs.

No argument nor brief for the defendant.

SANDERSON, J. The plaintiffs seek to recover, in an action of contract, the price of merchandise sold by them to the owner of a store, who thereafter sold the store and all the stock in trade and the fixtures therein to the defendant, the sale being made not in the vendor's ordinary course of business. The merchandise therein owned by the vendor was in excess of the amount claimed by the plaintiffs. The defendant and vendor failed to comply with G. L. c. 106, § 1, and the plaintiffs received no notice of the sale. Thereafter the defendant sold the merchandise and received more than the amount of the plaintiffs' claim. The judge of the District Court refused the plaintiffs' request to rule that upon the pleadings and agreed statement they were entitled to recover, and found for the defendant. The Appellate Division dismissed the report, and the plaintiffs appealed.

G. L. c. 106, § 1, provides in substance that a sale, such as that in question, is fraudulent and void as against creditors of the seller. This statute gives no right of action in contract against the vendee, and the privity of contract which

is essential to such action did not exist upon the facts in this case. See *Brewer* v. *Dyer*, 7 Cush. 337, 340. A sale in fraud of creditors is valid until avoided. It is voidable at the instance of a creditor if the debtor fails to pay the debt, but the creditor's remedies are the same as those of other creditors in case of a sale in fraud of creditors. *Powers* v. *Raymond*, 137 Mass. 483. *Kelly-Buckley Co.* v. *Cohen*, 195 Mass. 585, 588. *Rabalsky* v. *Levenson*, 221 Mass. 289, 292. The money received by the defendant for the goods was not the plaintiffs' and it was not received for the plaintiffs' use. The bringing of an action against the fraudulent vendee for money had and received would not avoid the sale. The principle of the cases which allow recovery in an action of contract when the defendant has money which in equity and good conscience he should pay the plaintiff (see *Minchin* v. *Minchin*, 157 Mass. 265; *Gormley* v. *Dangel*, 214 Mass. 5) does not apply to a case arising under this statute. In so far as cases in other jurisdictions adopt a different rule we do not follow them.

*Order of Appellate Division affirmed.*