NORA M. SPLAINE *vs.* AMERICAN POWDER COMPANY.

SAME *vs.* AMERICAN POWDER COMPANY.

Middlesex.   October 8, 1936. — September 15, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract*, What constitutes, Implied.   *Estoppel*.   *Sale*, Of merchandise in bulk.

A contract by a corporation to pay a pension for life to the widow of an employee was not binding upon either of two corporations succeeding to its assets and business, both of which believed the pension to be voluntary and not contractual, though they continued payment of the pension for a time; nor were they estopped to deny liability to pay it.

The mere fact that the seller failed to give the notice of a sale in bulk required by G. L. (Ter. Ed.) c. 106, § 1, which might have had the effect of making the sale fraudulent as to a creditor of his, created no contractual obligation on the part of the buyer.

TWO ACTIONS OF CONTRACT. Writs in the Superior Court dated October 28, 1931.

The actions were tried before *Donahue*, J., who ordered a verdict for the defendant in each action. The plaintiff alleged exceptions.

The cases were submitted on briefs.

*H. E. Cryan* & *E. P. Shaw*, for the plaintiff.

*J. M. Raymond*, for the defendants.

LUMMUS, J.   These are two actions of contract to recover instalments of pension amounting to $8.25 a week from some time in August, 1930. The pension involved in each case is the same, but the actions are against different corporations of the same name. The judge directed a verdict for the defendant in each case, and the plaintiff alleged exceptions.

The evidence most favorable to the plaintiff was as follows. On February 20, 1915, one Daniel Splaine, the husband of the plaintiff, was killed while in the employ of the American Powder Mills, — not either defendant, but a Massachusetts corporation later dissolved by St. 1928, c. 273. One Hooper, then superintendent of the American Powder Mills, told the plaintiff that if she would not sue the corporation nor marry again, the corporation would pay her $8.25 a week as long as she should live. She did not bring suit nor did she marry again. She received $8.25 a week by check from the time of her husband's death until August, 1930, when payments were discontinued. Originally the checks were those of American Powder Mills, and the plaintiff never noticed that after 1926 the checks were those of Cellulose Products, Inc.; nor that after October, 1929, the checks were those of American Powder Company. We assume in favor of the plaintiff, without deciding, that the plaintiff's contract with American Powder Mills was based on sufficient consideration. See *Sherman* v. *Werby*, 280 Mass. 157, 160.

The corporate history is as follows. In 1926 American Powder Mills conveyed its assets and business to a corporation called Cellulose Products, Inc., for a cash consideration, and went out of business. Three of the nine directors of the latter corporation had been directors in the former, and practically all the employees were retained. The latter corporation built an additional plant and made great changes in the business. But the plaintiff testified that she never noticed any change in the sign on the mills. Cellulose Products, Inc., at some time, probably in 1927, changed its name to American Powder Company, and is the first named defendant. In October, 1929, it conveyed its assets and business to American Cyanamid Company, an entire stranger operated by a new group of persons, which immediately conveyed them to a subsidiary called American Powder Company, which is the second named defendant.

The new or second American Powder Company, the second named defendant, has continued the business. Until August, 1930, it continued to pay the plaintiff her pension. At the time of the sale to American Cyanamid Company in 1929 by the old American Powder Company, the plaintiff's pension was listed among others as follows: "List of voluntary pensions paid by American Powder Company which may be discontinued at any time at the option of the American Powder Company. Name. Mrs. Splaine. Age. 65 years of age. Amount. $8.25 a week. Term. Term for life." There was no evidence that Cellulose Products, Inc., American Cyanamid Company, or either defendant, ever knew of any contract between the plaintiff and American Powder Mills.

The plaintiff claims no novation. She puts her case upon implied contract, with a suggestion of estoppel. Neither of the defendants, so far as appears, ever intended to contract with the plaintiff, nor understood that it had done so. All that either did was to continue the payment of a pension that it considered voluntary. Hooper had died in 1923. There is no evidence that the three directors of American Powder Mills who became directors of Cellulose Products, Inc., nor any other officers or employees of either defendant, knew that the plaintiff's pension was contractual.

The plaintiff herself never considered that she had received any promise of a pension except her original promise from Hooper on behalf of American Powder Mills. Under these circumstances there is no room for the application of the principle that knowingly to lead a person reasonably to suppose that you promise and to promise are the same thing. *Brauer* v. *Shaw*, 168 Mass. 198, 200. *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 230 Mass. 206, 222. *Greany* v. *McCormick*, 273 Mass. 250, 253. *Globe Ticket Co. of New England* v. *Boston Retail Grocers' Association*, 290 Mass. 235, 238. Williston, Contracts (Rev. Ed.) §§ 22, 22A, 33, 64–70. Neither can we find any estoppel, which in the present case would amount to much the same thing as the principle just stated. See *O'Conner* v. *Hurley*, 147 Mass. 145; *Saunders* v. *Bennett*, 160 Mass. 48, 49.

The fact that there was no notice to the plaintiff under G. L. (Ter. Ed.) c. 106, § 1, when American Powder Mills conveyed its assets and business to Cellulose Products, Inc., in 1926 may have had the effect of making the conveyance fraudulent and void as to her. But it had no tendency to fasten personal liability to her upon either defendant. *Freeman* v. *Collaro*, 265 Mass. 10.

*Exceptions overruled.*