RAYMOND T. PARKE *vs.* GEORGE A. MORIN.

Suffolk.    January 4, 1938. — September 12, 1939.

Present: DONAHUE, QUA, DOLAN, & COX, JJ.

*Contract*, Of employment, What constitutes, Parties, Implied. *Attorney at Law. Agency*, Scope of authority, What constitutes, Ratification.

In an action by an attorney at law against another attorney, counsel for a corporation and its president who were defendants in a suit in equity, for the value of services rendered in preparation for and conduct of the trial of the suit and of an appeal to this court from an adverse decree therein, findings of express employment of the plaintiff by the defendant attorney and of an implied agreement for compensation were warranted by evidence of conversations and conduct of the parties, by an admission of the defendant attorney that he

was responsible for the services and by his failing, as attorney for the corporation, to have the plaintiff included in its list of creditors in a bankruptcy schedule.

Mere employment of an attorney by a client did not warrant an implication of authority to employ another attorney at the client's expense.

Mere knowledge by a client that his attorney was being assisted by another attorney in the trial of a suit against him did not require a finding of his ratification of the employment of such second attorney in his behalf.

CONTRACT. Writ in the Superior Court dated January 4, 1934.

There was a finding by *Baker,* J., for the plaintiff in the sum of $1,200. The defendant alleged exceptions.

*A. J. Lloyd,* (*J. C. Kane* with him,) for the defendant.

*R. T. Parke, pro se.*

DONAHUE, J. The plaintiff, an attorney, brought this action at law against the defendant, who is also an attorney, to recover the value of legal services rendered by the plaintiff in the preparation and trial of a suit in equity brought by minority stockholders of Beaudette & Graham Company, a Massachusetts corporation, to set aside an alleged illegal issue of stock. The defendants therein were one Graham, the president, general manager and a director of the corporation, and two other directors. The defendant in the present case had for some time been the attorney of Graham and of the corporation, and when the bill in equity was brought he entered his appearance for the defendants therein. Some months later, when a trial was imminent, at the request of the present defendant, the plaintiff entered his appearance for the defendants in the equity suit and thereafter rendered services in the preparation and trial of that suit, for which he here seeks compensation from the defendant.

The present case was tried before a judge of the Superior Court sitting without a jury. He found for the plaintiff. The case comes to this court on exceptions of the defendant to the refusal of the judge to give certain requested rulings of law and to certain rulings of law made. Such of the exceptions as have been argued by the defendant are here considered.

·There was some conflict of testimony as to the facts and circumstances attendant on the admitted engagement of the plaintiff as counsel in the equity suit. On the version of the evidence most favorable to the plaintiff, a finding was warranted that the defendant personally employed the plaintiff and was liable to pay for the services rendered by the plaintiff. A part of the evidence in the lengthy record supporting this conclusion is here summarized. The plaintiff, in January, 1928, at the request of the defendant's associate, examined the bill and answer in the equity suit and gave his opinion in writing as to one aspect of the case. In the same month, at the request of the defendant's associate, the plaintiff tried a case for the Beaudette & Graham Company. He was paid for his services by the personal check of the defendant. In the following month the defendant's associate suggested to the defendant that, because of the importance and difficulty of the equity suit, "it would be wise to ask . . . [the plaintiff] to assist in . . . [its] preparation and trial." The defendant then talked with the plaintiff over the telephone. He said that the suit must soon be tried and that he "would like to have . . . [the plaintiff] . . . assist him in the preparation and trial of the suit as . . . [the plaintiff] had had much more experience in court work and had expressed the opinion that there was a good defense to the suit." The plaintiff said that "he would be glad to help him." On the same day, on request, the plaintiff went to the defendant's office. The defendant said he was inexperienced in the trial of cases; ·that most of his work was in tax law and accounting; that the case was important and difficult; that he was and for several years had been general counsel for the Beaudette & Graham Company and for Graham; that they were valuable clients and he was very anxious to win the case; that he was familiar with the facts and that he and his associate would take part in the trial, "but he felt the need of . . . [the plaintiff's] help in the preparation for trial, and in the trial itself." The plaintiff said he "would be glad to assist him in the case." While the plaintiff was at the defendant's office, Graham came there and a discussion followed as to the facts in the

case. Nothing was said in Graham's presence "as to plaintiff's participation in the case or who was employing plaintiff, or who was to pay plaintiff." The plaintiff never conferred with Graham or saw him or communicated with him except at the defendant's office or in court. The defendant and not Graham asked the plaintiff to try the case. The plaintiff tried the equity suit in the Superior Court. The defendant was present and made suggestions as to the conduct of the trial. A decree was entered for the plaintiffs and an appeal was taken on behalf of the defendants. The cost of printing the record on appeal and the briefs was paid by the personal check of the defendant in the present case. The briefs were prepared by the plaintiff and the defendant's associate. The case was argued in the full court by the plaintiff. The decree entered in the Superior Court was affirmed (*Beaudette* v. *Graham*, 267 Mass. 7). Following the decision in the equity suit the plaintiff told the defendant the amount of his charges for services. The defendant said he was responsible for them and asked that the charges be made as reasonable as possible. The defendant billed Beaudette & Graham Company for the services of the plaintiff as part of his own bill to them. Later, an involuntary bankruptcy petition was filed against the company and the defendant acted as attorney for the company in the bankruptcy proceeding. He took the oath of the company's treasurer to the schedule of debts owed by it. The plaintiff was not included in the schedules in the list of creditors.

What was said, as well as what was not said, by the defendant in engaging the services of the plaintiff as counsel, on the version of the evidence most favorable to the plaintiff, could properly be deemed by the judge to be significant. Nothing was said during the talk about the wishes or intentions of the defendant's clients as to the employment of the plaintiff. Nothing which was said indicated that a contract of employment was being made between the clients and the plaintiff. The defendant's personal lack of experience in such a case was given by him as the reason for the plaintiff's employment. He asked the plaintiff "to assist him" be-

cause of that lack. He "felt the need" of the plaintiff's "help" in a case which he considered not only "difficult" but "important." He explained that the defendants in the equity case were to him "valuable clients" and that "he was very anxious to win the case." He did not request the plaintiff, in substitution for himself, to take over his responsibilities as counsel to the clients. He, personally, for the proper fulfillment of those responsibilities, needed and therefore requested the plaintiff's aid in the preparation and trial of the case. The plaintiff's only reply was in the terms of the request. He told the defendant he would be glad "to help him."

There was no evidence binding on the plaintiff to the effect that the clients authorized the defendant as their agent to employ the plaintiff at their expense. Such authority could not be implied merely from the fact that they employed the defendant as their counsel. An attorney employed by clients has no implied authority to employ other counsel at their expense. *Porter* v. *Elizalde*, 125 Cal. 204, 207. *Rowell* v. *Ross*, 91 Conn. 702, 705, 706. *Chicago & Southern Traction Co.* v. *Flaherty*, 222 Ill. 67, 70. *Snyder* v. *Smith*, 132 Neb. 504, 507, 508. *Willard* v. *Danville*, 45 Vt. 93, 97. See collection of cases, 90 Am. L. R. 266–269. Such an attorney may, of course, at his own expense employ other counsel to assist him. *Scott* v. *Hoxsie*, 13 Vt. 50. *Vilas* v. *Bundy*, 106 Wis. 168. *Lathrop* v. *Hallett*, 20 Colo. App. 207. *Hyde* v. *Moxie Nerve Food Co.* 160 Mass. 559. In order that clients shall be directly liable to such, other counsel there must be an authorization or a ratification of his employment. *Northern Pacific Railway* v. *Clarke*, 106 Fed. 794, 795. *Culbert* v. *Hutton;* 138 Va. 677.

The evidence here did not require the finding that there was either such authorization or such ratification. Knowledge by the clients that the attorney they employed was being assisted by other counsel who appeared in the case in court does not by itself warrant the finding of ratification. Those facts are as consistent with liability of the attorney they employed as they are with liability of the clients. *Lathrop* v. *Hallett*, 20 Colo. App. 207, 209, 210. *Whitlow's*

*Administrator* v. *Whitlow's Administrator*, 109 Ky. 573, 578. *Young* v. *Crawford*, 23 Mo. App. 432, 434.

The finding was warranted that there was no contract of employment between the plaintiff in this case and the defendants in the equity suit and that there was a contract of employment between the plaintiff and the defendant. The defendant's fifth request for the ruling that there was no evidence on which it could be found that the defendant was a party to any contract with the plaintiff, and his first request for the ruling that "Upon all the evidence judgment should be entered for the defendant," were properly denied.

The judge denied the defendant's third and eighteenth requests.* These called for rulings of law that, on the facts assumed, the defendant could be found liable only if he made an express promise to pay the plaintiff. The judge gave these requests as altered by him to include an implied as well as an express promise. This was not error. An express promise to pay the plaintiff was not necessary in order to charge the defendant. *Scott* v. *Hoxsie*, 13 Vt. 50, 53. *Young* v. *Crawford*, 23 Mo. App. 432, 434. *Emerson* v. *Superior Court*, 29 Cal. App. (2d) 539, 542. *Schaper* v. *Sayman*, 61 S. W. (2d) (Mo. App.) 379, 381. *Paul* v. *Wilbur*, 189 Mass. 48, 51. See *Globe Theatre Co. of New England* v. *Boston Retail Grocers' Association*, 290 Mass. 235, 238, and cases cited.

The defendant's seventh request to the effect that the plaintiff could not recover for his services in connection with the appeal from the final decree entered in the equity case was rightly denied. A finding was warranted that these services were impliedly authorized by the defendant. He paid the amount required to print the record of the equity case on appeal and the brief of the defendants therein; his associate participated in the preparation of the brief; the

---

* "3. If the plaintiff knew at the time of his alleged employment that the defendant was acting for . . . [the defendants in the suit in equity], he cannot recover in this case unless the evidence shows that the defendant expressly agreed to pay for the plaintiff's services."

"18. If there is evidence that at the time of the alleged contract of employment of the plaintiff by the defendant, the plaintiff knew that the defendant was acting as agent for disclosed principals, the burden is on the plaintiff to show that the defendant expressly promised to pay the plaintiff."

services were rendered with the knowledge of the defendant without any expression of his disapproval; and, when the plaintiff after the case was ended presented his charges, including charges for services rendered in connection with the appeal, the defendant said he was responsible.

The defendant excepted to the denial of his fourth request for a ruling, which was to the effect that there was no evidence upon which it could be found that the defendant expressly agreed to compensate the plaintiff. This was in a group of requests denied by the judge, who stated as the reason "either because they are based on facts I do not find or are not applicable to the facts found." Disapproval has frequently been voiced of such a statement of the reasons for the denial of requests by a judge without, as here, stating what facts were found by him. *Mericantante* v. *Boston & Maine Railroad*, 291 Mass. 261, 263. *Freeman* v. *Crowell & Thurlow, Inc.* 296 Mass. 514, 518, and cases cited. There was, as the request states, no evidence of an express agreement to compensate the plaintiff, but there was evidence of an express employment of the plaintiff in circumstances that warranted the finding of an implied agreement to compensate him. The judge's general finding for the plaintiff was warranted, and his treatment of the defendant's third and eighteenth requests indicates that he found an implied and not an express promise to compensate the plaintiff. The substantial rights of the defendant were not adversely affected by the denial of the fourth request.

*Exceptions overruled.*