## George Abalan *vs.* Elizabeth Abalan.

Suffolk.    May 6, 1952. — July 3, 1952.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Spalding, JJ.

*Trust*, Resulting trust, Implied trust.   *Real Property*, Straw owner.

A daughter held real estate upon a trust for her parents where the real estate was conveyed to her by them without consideration and not as a gift but for the purpose, known to her, of having her hold it for them and reconvey it to them upon demand, although there was no express promise by her to reconvey.

Bill in equity, filed in the Superior Court on December 4, 1950.

The defendant appealed from a final decree entered following a hearing by *Goldberg*, J.

*Samuel A. Bithoney*, for the defendant.

*Haughton E. Sanguinetti*, for the plaintiff.

Lummus, J.   A father brings this bill against his daughter to compel a reconveyance of land on Cornell Street in Boston. The judge found substantially as follows.   The plaintiff and his wife in 1945 acquired title to the land in question as tenants by the entirety.   In June, 1950, the plaintiff desired to buy land in Hanover, and applied to one Nicholas for a loan of $3,000.   Since the plaintiff already owed Nicholas $1,260, Nicholas agreed to lend him $3,000 more if the plaintiff and his wife would give him a mortgage for $4,200 covering both the Cornell Street and the Hanover properties. The plaintiff's wife refused to sign the mortgage unless title to the Cornell Street property was put into the defendant's name.   On June 27, 1950, the plaintiff and his wife executed a mortgage to Nicholas for $4,200 and a deed to the defendant, both covering the Cornell Street property.   The defendant gave no consideration.

The judge found that the plaintiff and his wife did not intend to give the Cornell Street property to the defendant,

but intended that she should hold it for them and reconvey it to them on demand. He found that "the plaintiff has failed to satisfy me that the defendant promised to reconvey the property to him, but I find as a reasonable inference from the fact that the defendant was present when the plaintiff and his wife and Nicholas discussed the $4,200 mortgage prior to the execution of the deed to her, that she knew the purpose for which the property was conveyed to her." He found no fraud, duress, or improper influence. The plaintiff, but not his wife, has demanded a reconveyance. The judge ruled that the defendant holds the Cornell Street property under a resulting trust for the plaintiff and his wife.

The final decree ordered the defendant to reconvey the Cornell Street property to the plaintiff and his wife as tenants by the entirety within twenty days after the plaintiff shall pay the mortgages on the Cornell Street and Hanover properties. The defendant appealed.

The defendant does not set up the statute of frauds (G. L. [Ter. Ed.] c. 203, § 1; c. 259, § 1, Fourth), and therefore cannot rely upon it. *Livingstone* v. *Murphy*, 187 Mass. 315, 318. *Southwick* v. *Spevak*, 252 Mass. 354, 357. *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204. *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393–394. *Dickman* v. *McClellan*, 302 Mass. 87, 89. *Hiller* v. *Hiller*, 305 Mass. 163, 164. *Weiner* v. *Lowenstein*, 314 Mass. 642, 645. *Watkins* v. *Briggs*, 314 Mass. 282, 284. If by any form of trust or contract she was obligated to reconvey the property, she cannot complain of the decree. The only question is whether there was such an obligation.

The judge has failed to find that there was any express promise to reconvey. But he finds that there was no intention to make any gift to the defendant, and that the intention was that she should hold the property for her parents and reconvey it to them on demand. He finds that the defendant knew the purpose for which the property was conveyed to her. In *O'Donnell* v. *Clinton*, 145 Mass. 461, 463, Holmes, J., said, "To lead a person reasonably to suppose that you assent to an oral arrangement is to assent to

it, wholly irrespective of fraud." Support for that proposition is found in *Brauer* v. *Shaw,* 168 Mass. 198, 200, *Globe Ticket Co. of New England* v. *Boston Retail Grocers' Association,* 290 Mass. 235, 238, *Splaine* v. *American Powder Co.* 298 Mass. 114, 117, *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540, 542, *Parke* v. *Morin,* 304 Mass. 35, 40, *Branche* v. *Fitchburg,* 306 Mass. 613, 615, and Williston, Contracts (Rev. ed. 1936) § 22A.

Upon the findings of the judge we think that the defendant knew that there was no gift to her and that her parents expected her to reconvey on demand. By her silence she led them reasonably to suppose that she assented to the arrangement and to expect that she would claim no beneficial interest in the property. The case resembles *Goldston* v. *Randolph,* 293 Mass. 253, except that in that case personalty was involved — a difference of no importance here since the statute of frauds is not pleaded. In our opinion the decree was warranted by the findings and must stand.

*Final decree affirmed with
costs of appeal.*